PAUL TEIXEIRA, ETHEL TEIXEIRA, LOUISA TEIXEIRA OLIVEIRA, BELINDA TEIXEIRA PERREIRA, FLORENCE TEIXEIRA GUERRERO, AND JOE TEIXEIRA, JOSEPHINE TEIXEIRA, AUGUST TEIXEIRA, VIOLET TEIXEIRA, GLADYS TEIXEIRA, JOHN TEIXEIRA, GILBERT TEIXEIRA AND PATRICK TEIXEIRA, MINORS, BY PAUL TEIXEIRA, THEIR UNCLE AND NEXT FRIEND *v.* ANTONE TEIXEIRA AND ANNIE TEIXEIRA.

No. 2485.

SUBMITTED JANUARY 17, 1945.          DECIDED APRIL 7, 1945.

KEMP, C. J., PETERS, J., AND CIRCUIT JUDGE RICE IN PLACE OF LE BARON, J., DISQUALIFIED.

This is a bill in equity to cancel a deed dated April 29, 1935 upon the grounds of fraud and undue influence or, in the alternative, to declare the grantee therein a constructive trustee of the premises conveyed for the benefit of the heirs at law of the grantor, *viz.*, the grantor's two sons, including the grantee, the grantor's daughter and the children of a deceased son of the grantor. Incidental relief by way of an accounting and general relief are also prayed.

The deed of April 29, 1935 is from Jose Teixeira to his son Antone Teixeira, conveying to the latter an estate in remainder after the termination of a life estate reserved to himself. The property thereby conveyed is a portion of lot 8 and all of lots 10 and 12 in block 7 of the Kapiolani tract, Kalihi, Honolulu, with the improvements. This deed was preceded by a deed dated April 26, 1935 from Jose Teixeira's children, Antone, Paul, Louise, and John to their father Jose Teixeira, conveying to the latter the portion of lot 8, block 7 of the Kapiolani tract included in the deed of April 29, following. The respective wives of Antone and Paul Teixeira joined therein in token of their release of dower and Louise appears therein under her married name, Louise Oliveira. The consideration expressed in both deeds is love and affection.

Gilhemina Teixeira, the wife of Jose Teixeira, who predeceased her husband, had died seized of the portion comprising a part of lot 8 and left a last will and testament devising the same to her husband, but her will had never been probated and the time limited by statute within which wills may be legally established had expired prior to the execution of the first deed.

Jose Teixeira, the grantee in the first deed and the grantor in the second deed was, at the time of their execution, a widower, his wife Gilhemina Teixeira having died in 1928. The issue of their marriage were Antone, Paul,

and John Teixeira and Louise Oliveira named in the order of their ages, beginning with the eldest, all of whom survived their mother and with the exception of John survived their father. John Teixeira was a widower and died May 2, 1935 intestate, leaving him surviving ten children. Jose Teixeira, the father, died January 30, 1937 intestate, leaving him surviving as his heirs at law and next of kin his children, Antone, Paul, and Louise and the children of his deceased son John. At the time of his death Jose Teixeira had no property, real, personal, or mixed except as it may be determined that he died seized of the real property subject to the deed of April 29, 1935 subject to the trust alleged.

The within suit was brought after the death of Jose Teixeira. The complainants are Paul Teixeira, his wife Ethel, Louise Oliveira, *nee* Teixeira, and the children of the deceased son John Teixeira, the minor children appearing by their uncle, Paul Teixeira, as their next friend. Antone Teixeira and his wife Annie are respondents.

The fraud and undue influence charged against the respondent Antone Teixeira are briefly as follows: (a) false representations made by Antone Teixeira inducing the execution of the deed of April 26, 1935, *viz.*, that upon the death of the grantee, Jose Teixeira, his four children or their issue by right of representation would share equally or substantially equally in the estate of the said Jose Teixeira either under his will or under the laws of descent of the Territory whereas in truth and in fact the said Antone Teixeira at and prior to the time of the execution of said deed was secretly, and unknown to his father and his brother Paul and his wife and his brother and sister John and Louise, scheming to secure from his said father an absolute deed to him; the said Antone Teixeira, of the property subject to said deed as well as all of his said father's property (all this upon the theory that the deed

of April 26, 1935 and that of April 29 following were parts of the same transaction) ; (b) false representations made by Antone Teixeira to his father Jose Teixeira to the effect that the deed of April 29, 1935 was a trust instrument whereby the grantee Antone Teixeira was created trustee of all the property of the said Jose Teixeira at the latter's death for the purpose of distributing the same equally to his children, Antone, Paul, and Louise and the children of his son John (who was then on his deathbed and who died on May 2, 1935), who should take the fourth share of their father John; (c) undue influence actually exerted by Antone Teixeira upon his father Jose Teixeira by means of the false representations in subparagraph (b) hereof heretofore set forth; and (d) undue influence presumed to have been exerted by Antone Teixeira upon his father Jose Teixeira by reason of the conditions and circumstances of the said Jose Teixeira existing at the time of the execution of the deed of April 29, 1935, to wit: his mental weakness, his illiteracy and ignorance, his lack of independent advice and the antecedent fiduciary relation existing between himself and his son Antone.

Annie Teixeira, the wife of Antone Teixeira, is made a party respondent as an accessory to the fraud and undue influence charged against her husband.

The separate answers of the respondents took the form of general and special denials of the charges made.

The issues presented by the pleadings were determined by the trial judge in favor of respondents. The petitioners are before this court upon a general appeal.

Of the alleged errors specified we deemed but one necessary for the disposition of the appeal. Some of the errors alleged involve the determination of the merits. While upon a general appeal from the circuit court at chambers this court is authorized to make its own findings[1] we are

---

1 R. L. H. 1945, § 9505.

disinclined to do so, due to the conflict in the evidence and the necessity of determining the credibility of witnesses and the weight of the evidence.

The error which we shall consider is that alleged to the finding of the trial judge that "There being no undue influence or fraud established, I have not considered statements of Jose Teixeira which were not made as a part of the res gestae, nor made in the presence of the Respondents."

It appears from the evidence, and it is not disputed by the respondents, in fact it is admitted by them, that Jose Teixeira prior to April 29, 1935, the date of the execution of the second deed, made statements and declarations in substance and to the effect that upon his death his four children or their issue by right of representation would share equally or substantially equally in his estate and that his eldest son Antone had been authorized by him to effect its distribution accordingly. It also appears in evidence, although denied by respondents, where the statement or declaration was allegedly made to them or either of them or made in their or either of their presence, that Jose Teixeira made similar statements and declarations subsequent to the execution of the second deed, repeated up to the time of his death.

There were also introduced in evidence statements and assertions made by Jose Teixeira both prior and subsequent to the execution of the deed of April 29, 1935 incomplete in themselves but corroborative of his intentions otherwise completely expressed. These statements, declarations, and assertions, occurring both before and after the execution of the deed of April 29, 1935, were made in some instances directly to Antone; in some to his other children and his daughter-in-law Ethel in the presence of Antone or his wife or both and in some instances to his children and his daughter-in-law Ethel and friends separately in the absence of both Antone and his wife.

To all these statements, declarations, and assertions made by Jose Teixeira respondents objected upon the grounds that by this evidence petitioners sought to vary by parol the terms of the deed of April 29, 1935 and hence violative of the parol-evidence rule and that in respect to statements, declarations, or assertions not made in the presence of the respondents they also violated the rule against hearsay. These objections were reserved by the court and the evidence admitted over respondents' objections. It was upon the filing of the decision of the trial judge upon the merits that it appeared that the reservation had been resolved against the statements, declarations, and assertions of Jose Teixeira not made by him as a part of the *res gestae* nor made in the presence of the respondents. The rejection of this evidence is the subject of the specification of error considered.

In our opinion the evidence rejected, though not a part of the *res gestae*, comes within the exception to the parol-evidence rule making utterances written or oral competent upon the issues of fraud and undue influence and are relevant to both the existing state of mind and the mental condition of Jose Teixeira at the time he executed the deed in question and hence not hearsay.

The deed of April 29, 1935 was in legal effect a unilateral gift of an interest in lands. The statute of frauds[2] requires the integration in writing of a gift of an interest in lands.[3] A writing, the result of compulsory integration, is within the parol-evidence rule, that is, its terms may not be varied in parol in the absence of accident, fraud, or mistake. Hence the deed of April 29, 1935 in the absence of accident, fraud, or mistake is the one deemed in law to be the sole memorial of the gift thereby affected. Where

---

[2] R. L. H. 1935, § 3900.

[3] Mokuai v. Kapuniai, 6 Haw. 160.

by law an act is to be done in writing, that is, is ineffective unless so done, the writing in the absence of fraud or mistake is the only permissible subject of proof. If, however, the contents of a deed of gift are the result of accident, fraud, or mistake the parol-evidence rule does not apply and resort may be had to extrinsic evidence in parol to vary or alter the deed so that its contents conform to the jural act that the deed was intended to memorialize. Where accident, fraud, or mistake is alleged the parol-evidence rule interposes no obstacle despite the inconsistencies in the terms of the deed to showing by extrinsic evidence in parol the actual intent of its author. In the instant case both actual and constructive fraud were alleged. Hence the parol-evidence rule does not apply and extrinsic evidence is admissible to show that the deed of April 29, 1935 was conceived in fraud and does not represent the real intentions of its author.

An express oral trust in lands is also within the statute of frauds. But the inhibitions of the statute present no obstacle to the enforcement of a constructive trust in lands conveyed by a deed absolute on its face.[4]

Fraud generically includes false and fraudulent misrepresentations and undue influence and is actual or constructive. Actual fraud contemplates false and fraudulent misrepresentations and undue influence intentionally exerted which accomplishes the end designed. Constructive fraud is fraud not actually and intentionally imposed but fraud implied by law from the breach of a legal or equitable duty irrespective of the moral guilt of the fraud feasor and may be presumed from the existing conditions and circumstances, such as incompetency, mental weakness, illiteracy and ignorance, lack of independent advice and antecedent fiduciary relations. The betrayal of trust and

---

4 Gilpatrick v. Glidden, 81 Me. 137, 16 Atl. 464, 2 L. R. A. 662.

confidence is constructively fraudulent and gives rise to a constructive trust. This is independent of any element of actual fraud.[5] The law from consideration of public policy presumes such transactions to have been induced by undue influence.[6] Hence it is that where, as here, it is charged that a deed of gift absolute on its face does not reflect the intentions of the donor but, on the contrary, is the result of fraud both actual and constructive, the intentions of the donor and his mental condition at the time and prior to his performance of the jural act in question are relevant.

Intentions are purely mental. The condition of a person's mind, since deceased, may only be judged by his former acts and conduct. Jose Teixeira is dead. Of necessity to ascertain his state of mind or his condition of mind at and prior to his performance of the jural act under investigation, resort may be had to the usual and ordinary human manifestations of intention and of condition of mind, viz., his conduct and statements and declarations made by him in relation to the subject matter involved. The scope of inquiry necessarily is limited in each instance by the facts of the particular case but as long as statements and declarations attributed to the subject of inquiry were made by him in a natural manner and not under the circumstances of suspicion and are not remote the same are competent.

Statements and declarations made prior to the performance of the jural act in question, if otherwise competent, are admissible in evidence to show intentions or a state of mind.[7] Under the ruling of the court, statements and declarations of Jose made by him prior to April 29,

---

[5] 1 Story's Eq. Jur. (14 ed.) § 430.

[6] 3 Pomeroy's Eq. Jur. (5 ed.) § 951, p. 776; § 955, p. 788; Bigelow, The Law of Fraud, p. 263; 9 Wigmore, Evidence (3d ed.) § 2503, p. 363.

[7] Mutual Life Ins. Co. v. Hillmon, 145 U. S. 285, 296; 6 Wigmore, Evidence, §§ 1725, 1735; Shailer v. Bumstead & others, 99 Mass. 112, 120.

1935 but in the absence of both Antone Teixeira and his wife were rejected and their rejection in itself constitutes reversible error.

· But the statements, declarations and assertions made by Jose subsequent to his execution of the deed of April 29, 1935, if otherwise competent, were admissible in evidence as showing or tending to show Jose's mental condition at the time he executed the deed in question. The bill alleges mental weakness on the part of Jose Teixeira, illiteracy and ignorance, lack of independent advice and an antecedent fiduciary relation existing between himself and his son Antone. The statements, declarations, and assertions admittedly made by Jose prior to 'April 29, 1935 were always made in connection with and in reference to a subsisting general power of attorney from him to his son Antone executed previously in March, 1932. This evidence is susceptible to the inference that Jose Teixeira mistakenly believed, at least up to the time of the execution of the second deed of April 29, 1935, that this power of attorney was operative after his death and that by its terms his son Antone, as his attorney in fact, was authorized to execute his expressed intentions in respect to his property after his death. If, despite the terms of the deed of April 29, 1935, Jose Teixeira persisted in the same statements and declarations, they might be considered as indicative of the continued existence of the same intentions and show or tend to show his mental condition at and before the execution of the deed in question. Moreover, if the evidence is sufficient to establish a fiduciary relationship between Jose and his son Antone, in which the latter was the dominant and the former the subservient member, Jose's mental capacity to realize the consequences of his acts, his susceptibility to deceit and his ability to resist pressure exerted by Antone become relevant.[8] Hence, the rule

---

[8] Shailer v. Bumstead & others, 99 Mass. 122, 126; 6 Wigmore, Evidence § 1738, p. 121.

that utterances "affording any indication of this sort of mental condition, are admissible, in order that from these the condition at various times (not too remote) may be used as the basis for inferring his condition at the time in issue."[9]

While not the subject of specifications of error, in order that no confusion recur, we desire to observe in closing that it is not sufficient to justify the dismissal of a bill charging fraud and undue influence to say that the evidence is consistent both with guilt and innocence. That may be so and yet the evidence for or against either may preponderate. This is especially true where, as here, an antecedent fiduciary relation is alleged and if proved gives rise to the presumption of fraud and would affect the order of proof.

Pursuant to the views herein expressed the decree appealed from is reversed and the cause remanded for a new trial.

*H. R. Hewitt* and *C. Nils Tavares* for appellants.

*W. H. Heen* and *M. K. Ashford* for appellees.

---

[9] *Id.* at 122.