Harold Franklin **SANG**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15188.

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1969.

Leonard G. Geb and Jack N. Shears, Ponca City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Tim Leonard, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Harold Franklin Sang, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Kay County with the crime of Resisting Arrest, and from the judgment and sentence fixing his punishment at six months imprisonment in the county jail and a fine of $250.00, he appeals.

The evidence adduced on behalf of the State was that on the evening of October 4, 1968, Jim Henley, an Oklahoma Highway Patrolman, received information on his police radio that an assault with a dangerous weapon had been committed in the State of Kansas, and that Kansas officers were in pursuit of an automobile with several occupants traveling toward the Oklahoma border. A description of the vehicle was received by this officer who was proceeding to intercept said vehicle when he received another radio message that another felony had been committed in Bramen, Oklahoma, and that an automobile matching the description of that earlier received in connection with the Kansas felony was traveling south on Highway 177 toward Blackwell. Thereafter, the automobile driven by the defendant was stopped and the Highway Patrolman attempted to place the defendant under arrest for transporting an open liquor bottle. The State's evidence was, in substance, that when the officer attempted to arrest the defendant, the defendant resisted, but was finally subdued by the Highway Patrolman with the assistance of auxiliary policemen and members of the Blackwell Police Department. Although the court admitted the testimony of the officer concerning the receipt of the report of two felonies for the purpose of allowing the State to demonstrate why the arresting officer stopped the defendant's vehicle and placed him under arrest, the court sustained the defendant's objections to admission of any evidence concerning the details of the alleged felonies, advising the respective parties, in the presence of the jury, the purpose for which the testimony relating to the radio messages was admitted.

The defendant did not testify in his own behalf, but called several of the occupants of his automobile on the evening in question to testify as witnesses. All but one of these witnesses refused to testify on the

grounds that it might tend to incriminate them and were excused by the court after having exercised their privilege against self-incrimination. The single witness, for the defendant, at the scene of the arrest, testified that he was a passenger in the defendant's car at the time that it was stopped, but was uncertain as to how the altercation started between the Highway Patrolman and the defendant. He testified that defendant was bloody after being subdued by the police, but was unable to testify as to any specific blows struck by the officers. The balance of the testimony on behalf of the defendant tended to establish that the defendant was bleeding from injuries apparently received during the struggle with the police.

■ On appeal defendant urges that the trial court erred in allowing the officer to testify as to the messages received concerning the two alleged felonies. We are of the opinion that this assignment of error is completely without merit, for it is abundantly clear that they were admitted solely for the purpose of showing that a felony had been committed and there was probable cause for the arresting officer to stop the defendant and place him in custody. Moreover, we observe that the trial court scrupulously refused to allow any testimony relating to the specific details of the alleged offenses and was correct in so doing. We are of the opinion, and therefore hold, that in order to show the validity of an arrest, it is competent to admit testimony of an officer that he had received a report of the commission of a felony and the description of the automobile and its occupants allegedly involved in the same. We wish to reiterate, however, that details of the alleged felony, or felonies, are inadmissible and the trial court properly excluded evidence relating to said details.

■ The defendant also complains of alleged errors committed by the trial court in giving incomplete statements of law relating to the witnesses who invoked their privilege against self-incrimination and further complains of the incompleteness of the court's instruction relating to the privilege against self-incrimination when so claimed by witnesses.

We observe that no objection was interposed to either the court's statement or to the instruction now complained of, and that these questions are not properly before this Court. Moreover, we observe that had the question been properly preserved in the record, the trial court's oral statement and the instruction as given, substantially stated the law and were in no wise prejudicial to the defendant.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.