STATE OF HAWAII, Plaintiff-Appellee, *v.* LEROY PILIALOHA PEREZ, Defendant-Appellant

NO. 7959

CRIMINAL NO. 52792

DECEMBER 30, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* In this appeal, defendant-appellant Leroy Pilialoha Perez (hereinafter "appellant") is contending that his conviction by a jury for the offenses of rape under HRS § 707-730(1)(a)(i), sodomy under HRS § 707-733(1)(a)(i), and robbery under HRS § 708-841(1)(b) (1976) resulted from inadmissible hearsay evidence admitted against him by the circuit court over his objection. Appellant seeks a reversal of his conviction and a new trial.

Susan Berry was raped, sodomized and robbed on March 20, 1979. Approximately two hours after the incident, a police officer received an anonymous phone call inquiring whether the police were looking for a "raper." When the police answered in the affirmative, the caller said, "The guy you looking for is Leroy Perez."

Appellant was indicted for the rape, sodomy and robbery of Berry. Prior to trial, appellant made a motion in limine to preclude any testimony of the anonymous phone call. The trial court denied the motion. Over objection, the trial court admitted the testimony of the police officer.

I.

Appellant contends that the lower court erred in admitting the testimony of the phone call, because the statement, "The guy you looking for is Leroy Perez," was hearsay and did not come under any exception to the hearsay rule.

The State cites *United States v. Demopoules,* 506 F.2d 1171 (7th Cir. 1974), *cert. denied,* 420 U.S. 991 (1975), as authority for allowing admission of the conversation into evidence. In that case, the appellant was convicted for knowingly making the false declaration while a witness before a grand jury that he did not meet with nor receive any money from a liquor license applicant and his attorney in a specified restaurant in February of 1969. The attorney received an anonymous phone call from someone who said that the license

would not be approved unless a payment was made. Both the applicant and the attorney went to the restaurant where appellant met them and the payment was made. The court held that since the anonymous phone call was offered as background operative facts to explain subsequent actions of the attorney and the applicant, and the trial court specifically instructed the jury to consider the evidence only for that purpose, testimony of the attorney regarding the contents of the anonymous phone call was properly admitted over objections that it was hearsay.

Similarly, in *State v. Sugimoto*, 62 Haw. 259, 614 P.2d 386 (1980), a detective testified that the appellant's aunt admitted that she lied to the detective on appellant's behalf. This court found that the testimony was not hearsay because it was offered to explain the detective's delay in arresting the appellant.

In the instant case, the contents of the telephone call were admitted to explain why the police officers included a photograph of appellant in a photographic lineup which they presented to Berry. The evidence was not offered to prove the truth of the matter asserted, but was instead offered to prove that the police were credible in their investigation. Thus, the evidence was not hearsay.

In addition, the court, as in *Demopoules,* specifically instructed the jury to consider the evidence only to understand subsequent actions of the police. Under these circumstances, it was permissible to admit the challenged testimony.

Even if we found that the court erred in admitting hearsay testimony, we would then have to determine whether the error was harmless beyond a reasonable doubt. *State v. Pulawa,* 62 Haw. 209, 614 P.2d 373 (1980); *State v. Huihui, III,* 62 Haw. 142, 612 P.2d 115 (1980). In *State v. Huihui, III, supra* at 145, 612 P.2d at 117, we stated:

> Error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes, whether there is a reasonable possibility that the error might have contributed to the conviction.

The anonymous phone call was not the only evidence that connected appellant to the victim. In a photographic line-up on the day after the incident, the victim identified appellant's picture as being that of the attacker and commented that appellant was wearing the

same coat in the photograph that he wore at the time of the attack. The victim also made an in-court identification of appellant as the person who was her assailant on March 20, 1979. The victim viewed her assailant for two to two-and-a-half hours during the incident, and thus had ample time to observe and identify him later.

We conclude from our examination of the record that there is no reasonable possibility that the error, if any, might have contributed to the verdict, and therefore the error was harmless beyond a reasonable doubt.

## II.

Appellant contends that the court erred in failing to give the jury a cautionary instruction upon appellant's request immediately after the testimony of the phone call. The Court instead gave the cautionary instruction when the jury was instructed on the law of the case.

The trial judge may give a cautionary instruction at the time the jury is instructed on the law of the case rather than immediately following the receipt of the testimony, where the rights of the accused are adequately protected. *United States v. Weil,* 561 F.2d 1109, 1111 (4th Cir. 1977); *United States v. Campanale,* 518 F.2d 352, 362 (9th Cir. 1975), *cert. denied,* 423 U.S. 1050 (1976); *People v. Smith,* 63 Cal.2d 779, 794, 48 Cal.Rptr. 382, 390, 490 P.2d 222, 230, *cert. denied,* 388 U.S. 913 (1966); *People v. Hawkins,* 7 Cal.App.3d 117, 125, 86 Cal.Rptr. 428, 433 (1970).

The court specifically instructed the jury to consider the evidence only to understand subsequent actions of the police. The instruction adequately protected the rights of the accused, and thus it was not error for the court to refuse to give the cautionary instruction when requested.

## III.

Appellant further argues that even if the testimony of the phone call was not inadmissible hearsay evidence, it should have been excluded because its prejudicial effect upon the jury outweighed its probative value.

Even were we to assume an error by the court in admitting the testimony, we would again have to consider whether the error was harmless beyond a reasonable doubt. Any harm or prejudice to appellant can be cured by the court's instruction to the jury. It will be presumed that the jury adhered to the court's instructions. *State v. Melear,* 63 Haw. 488, 497, 630 P.2d 619, 626 (1981); *State v. Amorin,* 58 Haw. 623, 629, 575 P.2d 895, 899 (1978).

In this case, the court instructed the jury on the limited use for which the evidence was introduced. Since the instruction nullified the harm or prejudice to appellant, we find that the error, if any, was harmless beyond a reasonable doubt.

Affirmed.

*Blake T. Okimoto (Leslie S. Fukumoto* with him on reply brief, *Pyun, Kim & Okimoto* of counsel) for defendant-appellant.

*Wesley T. Kan,* Deputy Prosecuting Attorney, for plaintiff-appellee.