STATE OF HAWAII, Plaintiff-Appellee, *v.* ALVIN ROY FELICIANO, Defendant, and ALLEN BORGES RAPOZO, Defendant-Appellant

NO. 7852

CRIMINAL NO. 50247

JANUARY 11, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY HAYASHI, C.J.

Appellant Allen Borges Rapozo was convicted of Burglary in the First Degree on March 10, 1980, following a three-day jury trial. He was sentenced to a ten-year prison term on April 24, 1980, and Judgment was entered the same day. On May 7, 1980, appellant's court-appointed counsel filed a Notice of Appeal. Since the Notice of Appeal was filed more than ten days after the entry of judgment, we *sua sponte* questioned our jurisdiction to hear the appeal and entered an order requiring memorandum on the question. Since then, on December 18, 1981, this court decided the case of *State v. Allen*, 2 Haw. App. 606, 638 P.2d 338 (1981), which is dispositive of the jurisdictional question in this case. There, under a

similar situation, we held that this court was constitutionally prohibited from denying jurisdiction to hear the appeal on the merits.

Appellant raises two paramount issues on appeal: (1) whether the trial court erred in admitting, over his hearsay objection, a police officer's testimony recounting a neighbor's statement to him prior to the officer's issuance of an all-points bulletin (APB) that resulted in the arrest of the appellant; and (2) whether the trial court erred in permitting a fingerprint technician whose name was not on the State's list of witnesses to testify. For the reasons stated herein, we affirm the conviction.

In the trial of the case, Police Officer Ferry was permitted to testify over defendant's objection to the following: that on January 25, 1977, at approximately 12:05 p.m., Mrs. Powell reported a burglary at her neighbor's house on Wanaao Road in Kailua;[1] that when he arrived on the scene, Mrs. Powell told him that she had heard a car's motor running out front and observed a beige Toyota with four local males inside, one of whom she described as very, very large; that when she went outside, she saw two local males carrying a television set out of her neighbor's home, prompting her to yell at them; that, thereupon, the set was dropped, and the men jumped into the car and left the scene; and that she managed to get the license plate number of the beige Toyota and gave it to him, whereupon he issued an APB on the vehicle. Mrs. Powell did not testify.

Later on the same day, the vehicle was located by other officers about a mile from the scene in a driveway at 690 Keolu Drive, which was the home of one Richard Moniz. Several officers entered the home on Keolu Drive to effect the arrest. Officer Makiya, the arresting officer, heard a "ruckus" out back but decided to check the interior of the house instead. Upon seeing a closet door ajar in one of the bedrooms, he looked inside and found the appellant standing behind the clothing hanging inside. Appellant was arrested and charged with burglary.

Officer Williams, the fingerprint technician for the Honolulu Police Department (HPD), was permitted to testify over appellant's objection that the fingerprints taken from the window louvers found on the ground at the Wanaao Road address matched those of the

---

[1] Her neighbor's home belonged to Bernardino Totora.

appellant. Appellant objected to this testimony because Officer Williams' name was not on the State's list of witnesses. Officer Williams by that time had replaced the original fingerprint technician, Clifford Ohashi, who had since retired. Ohashi's name was on the list of witnesses.

Bernardino Totora, the co-resident of the burglarized house, testified that on the day in question, he and his wife had gone shopping and had locked the doors and closed the windows before leaving. When they returned home, he found police officers surrounding their home and their television set sitting in the driveway. He then realized they had been the victims of a burglary. He examined the house and found that a Nikon camera, Serial No. 512339,[2] was missing. He also noticed that louvers had been removed from one of the windows and placed on the ground below. Totora further testified that he did not know Rapozo and had never given him permission to enter his home.

Richard Moniz testified that he returned to his home on Keolu Drive later that afternoon and found a Nikon camera bearing the Serial No. 512339 in his freezer and turned it over to the police.

In this appeal, Rapozo argues that the court erroneously admitted Officer Ferry's hearsay testimony. At trial, when queried by the court as to the use of the testimony, the prosecuting attorney responded,

> MISS ALEXANDER: I'll offer it for state of mind, Your Honor.
>
> THE COURT: State of mind? Objection overruled. Just that a statement was made.

It is clear that the testimony objected to would be hearsay if offered to prove the truth of the statements made. The question is whether the court properly admitted the testimony under any of the hearsay rule's innumerable exceptions. At trial the prosecutor urged the court to apply the state of mind exception to the testimony. *Texeira v. Texeira,* 37 Haw. 64 (1945).[3] The court seemed to question

---

[2] Mr. Totora had previously recorded the serial numbers of his valuables in a ledger.

[3] The state of mind exception has been codified in the new Hawaii Rules of Evidence which became effective January 1, 1981, at Rule 803(b)(3):

The following are not excluded by the hearsay rule, even though the declarant

the applicability of that exception yet chose to admit the testimony. The state of mind exception, by definition, focuses on the sensory impressions of the declarant where those impressions are relevant to an issue in the case. Both parties agree that the state of mind of Mrs. Powell is not a relevant issue in this case. The State, on appeal, argues that the testimony was offered to establish Officer Ferry's state of mind at the time he issued the APB. We question the relevance of his state of mind to *any* issue in this case.

However, there is a line of authority recently adopted by our supreme court which permits the court to admit extrajudicial statements offered to explain an officer's conduct during the investigation procedures leading up to the arrest of the defendant, but not for their truth. *See State v. Perez,* 64 Haw. 232, 638 P.2d 335 (1981). *See also State v. Christon,* 3 Kan. App.2d 372, 595 P.2d 356 (1977); *People v. Hyche,* 91 Ill. App.3d 559, 414 N.E.2d 1142 (1980); *Sang v. State,* 461 P.2d 976 (Okla. Crim. 1969).

In the Perez case, an anonymous phone caller identified Perez as the "raper" and the police officers placed his photo in the photographic lineup viewed by the victim. She subsequently identified him at the lineup and at trial as the person who raped her. The court permitted the out-of-court statements offered to explain the subsequent actions of the police officers and later specifically instructed the jury that they were limited to that purpose.

The carving out of this rather narrow exception is in keeping with the mandate of Rule 803(b)(24) of the Hawaii Rules of Evidence which clearly favors the adoption of the doctrine represented by the cited cases.

> (24) *Other Exceptions.* A statement not specifically covered by any of the exceptions in this paragraph (b) but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is more probative on the point for

---

is available as a witness:

\* \* \*

(b)(3) Then existing mental, emotional, or physical condition. A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

which it is offered than any other evidence which the proponent can procure through reasonable efforts, and (B) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. . . .

In this case, although the prosecutrix rather inartfully expressed it as "state of mind," it is clear that the purpose of the testimony was not to prove the truth of what Mrs. Powell said, but to establish the basis for the officer's subsequent actions. Furthermore, there was no incrimination of the appellant in Mrs. Powell's account of the events.

Accordingly, we find no error in the admission of Officer Ferry's testimony. Moreover, even had the evidence objected to been admitted erroneously, it was harmless beyond a reasonable doubt.

Appellant's next contention is that the court committed reversible error when it allowed Sgt. Williams, HPD's fingerprint technician, to testify when his name was not on the State's list of witnesses as is required by HRPP Rule 16(b)(1)(i).

Rule 16.  DISCOVERY

(b) *Disclosure by the Prosecution.*

(1) *Disclosure Upon Written Request of Matters Within Prosecution's Possession.* Upon written request of defense counsel, the prosecutor shall disclose to him the following material and information within the prosecutor's possession or control: ·

> (i) the names and last known addresses of persons whom the prosecutor intends to call as witnesses, in the presentation of the evidence in chief, together with their relevant written or recorded statements, . . . .

It is not disputed that Sgt. Williams replaced Clifford Ohashi, the former HPD fingerprint technician who had retired from the force by the time of trial. It is also undisputed that Clifford Ohashi's name was on the list of witnesses as the witness who would link the appellant's fingerprints to the scene of the crime. Appellant does not pretend to be unaware of the fact of Ohashi's retirement and his replacement by Williams, nor was appellant unaware of the nature of the testimony that Williams was to give. In determining whether such an omission would give rise to reversible error, our supreme court in *State v. Sugimoto,* 62 Haw. 259, 614 P.2d 386 (1980), has adopted the rule that where the court has insured that no surprise or prejudice would inure to the defendant there is no reversible error

for a failure to require full compliance with the provisions of the discovery rule.[4]

In light of the above and given the fact that the court delayed the taking of Williams' testimony to permit appellant to interview him over the weekend if he chose to do so,[5] we find no evidence of surprise or prejudice to the appellant sufficient to warrant reversal.

There is sufficient evidence to support the jury's verdict. *State v. Tamura*, 63 Haw. 636, 633 P.2d 1115 (1981); *State v. Manipon*, 2 Haw. App. 492, 634 P.2d 598 (1981).

The judgment is affirmed.

*Mal Gillin* for defendant-appellant.

*Alexandra Kaan* for plaintiff-appellee.

---

[4] HRPP Rule 16(e)(8)(i) permits sanctions to be imposed by the court for violation of discovery rules.

(8) *Sanctions.*

(i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or an order issued pursuant thereto, the court may order such party to permit the discovery, grant a continuance, or it may enter such other order as it deems just under the circumstances.

[5] Counsel did not interview Williams over the weekend, nor had he chosen to interview Ohashi prior to his retirement.