STATE OF HAWAI'I, Plaintiff-Appellee,
v.
HARRY J. COLES, Defendant-Appellant.
No. 28937.
Intermediate Court of Appeals of Hawaii.
May 11, 2009.
Om the briefs:
Linda C.R. Jameson for Defendant-Appellant.
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Nakamura and Leonard, JJ.)
Defendant-Appellant Harry J. Coles (Coles) appeals from the Judgment of Conviction and Sentence filed on December 5, 2007 in the Circuit Court of the First Circuit (circuit court).[1] The circuit court convicted Coles of Unauthorized Control of Propelled Vehicle (UCPV), in violation of Hawaii Revised Statutes (HRS) § 708-836 (Supp. 2008), and Possessing Intoxicating Liquor While Operating Motor Vehicle, in violation of HRS § 291-3.1(b) (2007 Repl.).
On appeal, Coles contends (1) the circuit court committed plain error when it failed to strike the testimonies of John G. Savio (Savio) and Honolulu Police Department (HPD) Officers Pacarro and Eagle (collectively, the challenged testimonies) or declare a mistrial; and (2) his trial counsel was ineffective because counsel failed to "object, and/or move to strike and ask for a cautionary instruction and/or move for mistrial" (collectively, object to) the challenged testimonies. Coles asks this court to vacate the Judgment and remand the case for a new trial.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Coles' points of error as follows:
The circuit court did not commit plain error by failing to strike the challenged testimonies or declare a mistrial. An appellate court's "power to deal with plain error is one to be exercised sparingly and with caution." State v. Nichols, 111 Hawai'i 327, 335, 141 P.3d 974, 982 (2006) (quoting State v. Kelekolio, 74 Haw. 479, 515, 849 P.2d 58, 74 (1993)). We "may recognize plain error when the error committed affects substantial rights of the defendant," State v. Staley, 91 Hawai'i 275, 282, 982 P.2d 904, 911 (1999) (internal quotation marks and citation omitted), and "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights. " Nichols, 111 Hawai'i at 334, 141 P. 3d at 981 (quoting State v. Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998)).
At Coles' jury trial, the State had the burden of proving each element of HRS § 708-83 6, which provides in relevant part:
§708-836 Unauthorized control of propelled vehicle. (1) A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.
(Emphases added.) See State v. Murray, 116 Hawai'i 3, 10, 169 P.3d 955, 962 (2007) (holding that "the prosecution has the burden of proving each element beyond a reasonable doubt").
The elements of HRS § 708-836 are "(1) the person's conduct of exerting control over a thing by operating it, (2) the attendant circumstance of the thing being "another's" (i.e., the registered owner's) propelled vehicle, and (3) the attendant circumstance of the person's control/operation being without the registered owner's consent." State v. Mainaaupo, 117 Hawai'i 235, 249, 178 P.3d 1, 15 (2008) (emphases in original). The State must prove that the defendant acted intentionally or knowingly with respect to each of these elements. Id. at 250, 178 P. 3d at 16. The Hawai'i Supreme Court stated in State v. Yabusaki, 58 Haw. 404, 409, 570 P.2d 844, 847 (1977), that "intent may be proved by circumstantial evidence."
Officer Pacarro's and Savio's testimonies, establishing that Savio had reported his Nissan stolen to the police, Savio did not know Coles, and Savio had not given Coles permission to operate Savio's Nissan, were relevant to proving the elements of HRS § 708-836. Accordingly, there was no plain error as to Officer Pacarro's and Savio's testimonies.
The circuit court also did not plainly err as to Officer Eagle's testimony. When asked how he reacted to Coles' act of reaching under the driver's seat during the April 24, 2007 traffic stop, Officer Eagle testified that he believed Coles was reaching for a weapon based on "the dangers that [he] personally experienced in dealing with these types of crimes, [which are] usually a violent type of crime," and he commanded Coles to open the door and show his hands. Officer Eagle's testimony explained the reasons for his subsequent acts and was thus relevant. See State v. Perez, 64 Haw. 232, 234, 638 P.2d 335, 337 (1981).
Nevertheless, even if the circuit court had erred in permitting Officer Eagle's testimony, the error would have been harmless, where such a general statement about his past experience with stolen vehicles could not reasonably have contributed to Coles' UCPV conviction. See State v. Huihui, 62 Haw. 142, 612 P.2d 115 (1980) ("[T]he real question becomes[] whether there is a reasonable possibility that the error might have contributed to the conviction."). The testimonies of Officer Pacarro and Savio provided substantial evidence for Coles' conviction, with or without the challenged portion of Officer Eagle's testimony. Any error with respect to Officer Eagle's testimony, therefore, would not have affected Coles' substantial rights.
As to Coles' second point on appeal, Coles' counsel's assistance was sufficiently "within the range of competence demanded of attorneys in criminal cases." State v. Antone, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980) (internal quotation marks and citation omitted). Officer Pacarro and Savio's testimonies were clearly relevant and admissible, and admission of Officer Eagle's challenged testimony was at worst harmless error. Coles' counsel's failure to object to the challenged testimonies, therefore, did not amount to an error or omission reflecting his counsel's lack of skill, judgment, or diligence. See State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (holding that "[t]he defendant has the burden of establishing... 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence/ and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense") . Coles' ineffective assistance of counsel claim is without merit. Therefore,
IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on December 5, 2007 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Dexter D. Del Rosario presided.