NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 28389

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CURTIS P. WORSHAM, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 06-1-1079)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Curtis P. Worsham (Worsham) appeals from the January 22, 2007 Judgment of Conviction and Sentence of the Family Court of the First Circuit (family court),[1] convicting Worsham of violating an order for protection, in violation of Hawaii Revised Statutes (HRS) § 586-11 (2006).

Worsham raises the following points of error on appeal: (1) the family court abused its discretion in allowing hearsay from the investigating police officer, in allowing that officer to give his opinion as to the complaining witness's (CW) credibility, and in allowing that officer to indirectly volunteer his personal opinion on an ultimate issue; and (2) defense counsel rendered ineffective assistance by failing to subpoena a necessary alibi witness, failing to obtain a relevant report made by Worsham against the CW, and engaging in harmful cross-examination.  We find both points to be without merit and affirm.

---

[1]  The Honorable Patrick W. Border presided.

Worsham argues that the family court abused its discretion in improperly admitting, over objection, hearsay testimony of the CW for a limited purpose under Feliciano and committed plain error in permitting the State to weave that hearsay into questions eliciting the police officer's opinion as to the credibility of the CW. Under State v. Feliciano, 2 Haw. App. 633, 636, 638 P.2d 866, 869 (1982) (citing State v. Perez, 64 Haw. 232, 638 P.2d 335 (1981)), a trial court may "admit extrajudicial statements offered to explain an officer's conduct during the investigation procedures leading up to the arrest of the defendant, but not for their truth."

Here, it appears that the testimony regarding out-of-court statements of the CW was properly admitted, not to prove the truth of what the CW said, but to establish the basis for the officer's subsequent actions. In addition, the family court issued a contemporaneous limiting instruction and the CW testified at trial and was subject to cross-examination.

Worsham's argument that incriminating out-of-court statements are not admissible under Feliciano is without merit. While it is true that the Feliciano court noted that the hearsay involved there was not incriminating, the decision did not limit its holding to non-incriminating statements. Moreover, Perez, cited with approval by the Feliciano court, was a case involving incriminating statements. Perez, 64 Haw. at 233, 638 P.2d at 336 ("The guy you looking for is Leroy Perez.").

Worsham also challenges the officer's testimony regarding the consistency of the CW's oral and written statements on state and federal confrontation clause grounds. Worsham argues that questions regarding whether the CW's written statement was consistent with what she orally told the officer was tantamount to a request for an opinion from the officer as to the CW's credibility. However, a review of the record supports the conclusion that the officer was simply testifying to a fact, i.e., whether the oral and written statements were consistent. He was not asked for and did not opine on the CW's credibility.

2

Worsham argues that defense counsel rendered ineffective assistance by failing to subpoena a necessary alibi witness, by failing to obtain a relevant police report made by Worsham, and by harmful cross-examination.

Worsham's unverified assertions concerning his trial counsel's failure to subpoena a necessary alibi witness and to obtain a relevant police report made by Worsham are insufficient to satisfy Worsham's burden of proving ineffective assistance of counsel. State v. Reed, 77 Hawai'i 72, 83-85, 881 P.2d 1218, 1229-31 (1994), overruled on other grounds by State v. Balanza, 93 Hawai'i 279, 1 P.3d 281 (2000). Worsham's uncorroborated assertions regarding (1) what Joshua Godbolt would have testified to if called as a witness and (2) the existence of a police report made by Worsham against the CW for a January 21, 2006 phone call is insufficient to establish his ineffective assistance of counsel claim under Reed. Moreover, assuming there is evidence of a subsequent protective order violation complaint by Worsham against CW, it would be of marginal if any relevance to the instant prosecution against Worsham.

Worsham's claims concerning his trial counsel's harmful cross-examination are also unconvincing. It appears that the elicitation of testimony pertaining to previous violations of the protection order by Worsham was not the result of ineffective assistance of counsel but was based on counsel's pretrial discovery which showed no previous complaints.

Likewise, while Worsham's counsel may have inartfully fleshed out the "visibility" factor as it pertained to the witnesses' identifications of Worsham, there was ample testimony upon which counsel could argue that the State's witnesses' identifications were suspect. In any event, the area of cross-examination by counsel is in the realm of trial strategy in which

counsel is given broad latitude.  <u>State v. Silva</u>, 75 Haw. 419, 441-42, 864 P.2d 583, 593 (1993).

Based on the foregoing, it is hereby ordered that the January 22, 2007 Judgment of Conviction and Sentence of the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, June 29, 2010.

On the briefs:

Mary Ann Barnard,
for Defendant-Appellant.

Chief Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge