UNITED STATES of America, Appellee,

v.

**Philip Gary WEIL, Appellant.**

No. 75–2063.

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1977.

Decided Aug. 2, 1977.

---

Dennis J. Winner, Asheville, N.C., for appellant.

Keith S. Snyder, U.S. Atty., Asheville, N.C., for appellee.

Before BRYAN, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

Having been convicted in the district court of four counts of aiding and abetting the passing of counterfeit currency, 18 U.S.C. §§ 2, 472, Philip Gary Weil raises four assignments of error on appeal, none of which warrant overturning his conviction.

The government's case revolved around the testimony of Weil's younger brother, Henry, who testified that he, the defendant, and another companion, Guffey, went to a shopping center, where Henry was handed a $100 bill by Guffey and was told by Philip to purchase groceries, while the other two remained in the car. After this transaction was repeated at another store with a second $100 bill, Henry Weil was informed, either by Philip or in his presence, that the bills were counterfeit. He was offered $10 for each additional bill that he passed, and proceeded to pass two more at the same shopping center. Philip admitted that he was present in the car during these transactions, but denied knowledge that the bills were counterfeit.

The defendant first claims that the trial judge erred in admitting evidence of a prior, consistent statement of the government's principal witness, Henry Weil, without the witness' testimony having been impeached. On two occasions during the trial, the government asked Henry Weil if the testimony he had given was substantially the same as the story he related in a signed statement given to investigating officers after his arrest. The question was first asked and affirmatively answered on direct examination, without objection. It was then repeated, and permitted to be answered over objection, on redirect examination.

The defendant's objection on redirect examination should have been sus-

tained. Corroborative testimony consisting of prior, consistent statements is ordinarily inadmissible unless the testimony sought to be bolstered has first been impeached.[1] See *Coltrane v. United States,* 135 U.S.App.D.C. 295, 418 F.2d 1131 (1969); *Schoppel v. United States,* 270 F.2d 413, 417 (4th Cir. 1959); 4 Wigmore, Evidence § 1124 (Chadbourn rev. 1972). While the defense did attempt to show on cross-examination that Henry Weil was promised leniency if he implicated his brother, it does not appear that the signed statement was given prior to that time, which would have established its materiality.[2] *Felice v. L.I.R.R. Co.,* 426 F.2d 192, 198 (2d Cir. 1970); 4 Wigmore, supra, § 1128. This applies with equal force, *a fortiori,* to the objectionable evidence elicited by the government on direct examination, before any impeachment occurred.

■ The defendant, however, failed to object to the government's question on direct examination. Whatever prejudice may have resulted from the admission of the testimony occurred at least at that time, and reversible error was not committed because no objection was made.[3] When the same testimony was repeated shortly thereafter on redirect over a meritorious objection, no substantial rights of the accused were further impaired. In other words, the error on redirect examination was so slight to be harmless. Had the prior, written statement itself been introduced over objection on redirect examination, we would be confronted with a more serious hearsay problem, see *United States v. Morlang,* 531 F.2d 183, 190 (4th Cir. 1975), notwithstanding that the jury had previously been informed of the fact that the statement was made.

■ Next, the defendant assigns error to the district court's refusal to give a limiting instruction, contemporaneously with his cross-examination, on the effect to be given to a previous conviction of the defendant. Such an instruction was given at the close of the evidence and argument, as part of the overall jury charge. We see no merit in the contention that a limiting instruction was required contemporaneously with the admission of the evidence of the defendant's prior conviction. The court's charge clearly delimited the sole purpose for which the prior conviction could be considered—as going to the credibility of the defendant as a witness. The jury was unequivocally apprised, prior to its deliberations, that the evidence could not be considered on the question of guilt or innocence. Thus, the limiting instruction given at the close of the trial adequately protected the rights of the accused. Accord *United States v. Campanale,* 518 F.2d 352 (9th Cir. 1975); *United States v. Allen,* 468 F.2d 612 (5th Cir. 1972); *United States v. Annoreno,* 460 F.2d 1303 (7th Cir. 1972).

■ Third, Philip contends that a question directed to him on cross-examination, inquiring whether he had his former employer in court, had the effect of impermissibly shifting the burden of proof to the

---

1. The question also was repetitious, having already been asked on direct.

2. While a prior, consistent statement introduced in the absence of certain kinds of impeaching testimony may lack probative value, in that repetition of a lie does not enhance its truthfulness, the primary objection to such a statement is that it constitutes hearsay. *United States v. Sherman,* 171 F.2d 619, 622 (2d Cir. 1948); see *United States v. Morlang,* 531 F.2d 183, 190 (4th Cir. 1975).

Rule 801(d)(1) of the Federal Rules of Evidence states that a prior consistent statement of a witness is not hearsay if it "is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive."

While the record is not absolutely clear, we assume the prior consistent statement, as the defense contends, was not made prior to a bargain between Henry Weil and the government as to Henry's testimony.

3. *Harris v. United States,* 248 F.2d 196 (8th Cir. 1957), aff'd 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959). It is conceivable that, as in *Harris,* Philip intentionally waived his objection to the testimony concerning Henry's statement to the police, in order to bolster the foundation for impeachment on cross-examination, on the basis of alleged promises of leniency made to Henry Weil if he implicated Philip. In any event, errors not objected to at trial cannot ordinarily be raised for the first time on appeal.

defense. The object of the question was to ascertain where Weil had gotten $130 found in his possession at the time of his arrest. The defendant asserted that he had earned this money at a service station job that terminated about a week prior to the offense. The government contended that Philip had obtained it by passing counterfeit currency. In these circumstances, the question was entirely proper. When a defendant chooses to testify, he is subject to cross-examination to the same extent as any other witness. It was well within the permissible bounds of cross-examination for the government to inquire whether a witness who could possibly have corroborated the defendant's story had been summoned to court by the defense.

Finally, the court's charge to the jury on aiding and abetting is challenged. The defendant requested an instruction that mere presence and knowledge of the crime by the defendant was insufficient to prove aiding and abetting on his part.

 While the requested instruction was not given verbatim, examining the court's charge we find that the substance of the defendant's instruction was conveyed to the jury with emphasis, that is to say that some active participation on the part of the defendant was required. Thus, the jury was instructed, "In order to aid and abet another to commit an offense, it is necessary that the accused willfully associate himself in some way with the criminal venture and willfully participate in it as he would in something he wishes to bring about, that is to say he willfully seeks by some act or omission of his to make the criminal venture succeed." The court further charged that the defendant must have "actively participated in the passing of these counterfeit bills," and that he must have "committed some sort of overt act helping to bring about the violation of the law alleged here."

This charge makes abundantly clear that mere presence and knowledge of the crime on the part of Philip Weil would not constitute aiding and abetting, but, on the contrary, that his active participation was required. Accord *Nye & Nissen v. United*

*States,* 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949).

The judgment of the district court is accordingly

AFFIRMED.