836 F.2d 1343
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Prangle BROWN, Defendant-Appellant.
 No. 87-5549.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1987.
Decided Jan. 4, 1988.
 
 Anthony Reed Gallagher, Assistant Federal Public Defender (Fred Warren Bennett, Federal Public Defender on brief) for appellant.
 Martin Stanley Himeles, Jr., Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and DONALD RUSSELL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 On February 20, 1987, Prangle Brown was convicted after a jury trial in the United States District Court for the District of Maryland (Howard, J.) of one count of knowingly and intentionally possessing a quantity of heroin with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 2
 On May 17, 1985, Brown met with undercover Drug Enforcement Administration Special Agent June Werklow Clark, posing as "J.J.," at the Reisterstown Road Plaza, Baltimore, Maryland. Brown, who had been a correctional officer at the Baltimore City Jail for approximately 13 years, had been instructed by an inmate, Charles Tyler, to meet "J.J." at that location. Special Agent Clark handed Brown $25 and two packages--one containing 7.72 grams of heroin, which was to be smuggled into the Jail for Tyler, and four small packages of flour for Brown's personal use. The package with 7.72 grams of heroin was taped completely, rendering the contents invisible. Before Brown could drive away, he was arrested by Drug Enforcement Administrative Agents. At the time of Brown's arrest, the following items were found on his person: the package of heroin, the packages of flour; $25; a glassine bag containing a mixture of manitol and caffeine (cutting agents for heroin); a package containing 1.52 grams of marijuana; and a piece of paper with names and phone numbers. The agents recovered the following items from Brown's car: six partially consumed marijuana cigarettes, a gym bag containing 12.5 grams of marijuana, two unopened bottles of liquor, and two unopened cans of beer.
 
 
 3
 The government introduced evidence that, as a correctional officer at the Baltimore City Jail, Brown was in charge of searching and initial processing of inmates. According to the testimony of Captain James Drewery, Brown would have had opportunity to seize or at least look at narcotics in various forms and packages.
 
 
 4
 Charles Tyler, a paid government informer, testified that while he was incarcerated at the Baltimore City Jail, he had witnessed Brown giving some marijuana to Rudolph Horton, a fellow inmate. Tyler also testified that he had observed Brown ingesting heroin. Tyler further testified that he was the inmate who had instructed Brown to pick up a package of heroin from "J.J." at the Reisterstown Road Plaza. Tyler had allegedly told Brown that he would get $25 and some heroin in return for his services.
 
 I.
 
 5
 Brown asserts that the following evidence was improperly admitted pursuant to Fed.R.Evid. 404(b): 1) testimony that Tyler had observed him delivering marijuana to another inmate in the City Jail; 2) testimony that Tyler had observed him and two other jail employees using heroin in the jail; 3) a mixture of caffeine and manitol; 4) marijuana seized from Brown's person; 5) two bottles of liquor and two cans of beer seized from Brown's car; and 6) a piece of paper with several names and telephone numbers.
 
 
 6
 Rule 404(b) of the Federal Rules of Evidence provides that:
 
 
 7
 Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 8
 As both parties have recognized, in applying Rule 404(b), the district court must engage in a two-step analysis. First, it must determine that the evidence is relevant other than to show the defendant's propensity to commit similar crimes. Second, the court must determine pursuant to Fed.R.Evid. 403 whether the probative value is substantially outweighed by the danger of unfair prejudice. See United States v. Echeverri-Jaramillo, 777 F.2d 933, 936 (4th Cir.1985), cert. denied, 475 U.S. 1031 (1986). The standard of review to be applied by the Court of Appeals in such a case is whether the district court had abused its discretion in making the Rule 404(b) determination. Id. Absent extraordinary circumstances, this Court will not overturn the district court's finding that Rule 404(b) evidence was admissible. United States v. MacDonald, 688 F.2d 224, 227-28 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983).
 
 
 9
 It is clear that most of the evidence admitted was probative for purposes other than showing Brown's propensity to commit similar crimes. Since the primary defense asserted by Brown was his lack of knowledge and intent, the evidence was properly introduced to prove those elements. See Rule 404(b). Although the heroin was packaged in a manner that concealed its content, his possession of manitol as well as his conduct as an officer at the Baltimore City Jail clearly refute his claim that he could not have known that the package contained heroin. In addition, the presence of liquor and marijuana in the gym bag, which also contained his jail guard hat and his handcuffs, lent some support to the government's contention that he intended to take the bag, marijuana, and heroin into the Jail. Moreover, the danger of unfair prejudice did not outweigh the probative value of the evidence introduced. Any possible prejudicial impact was minimized by the court's limiting instruction.
 
 
 10
 Some of the items in issue are troublesome. It is unclear whether marijuana cigarette butts or liquor bottles had any probative value at all. However, in view of the other evidence properly admitted, this was, at the very most, harmless error. Fed.R.Evid. 103(a); Fed.R.Crim.P. 52(a). In sum, the district court did not abuse its discretion in admitting the Rule 404(b) evidence.
 
 II.
 
 11
 Brown argues that the district court erred by declining to give a limiting instruction every time a Rule 404(b) evidence item was admitted and also during the final charge. The argument is without merit.
 
 
 12
 According to Fed.R.Evid. 105, the district judge is required to give the limiting instruction upon request. However, the district court is given discretion in determining the wording and timing of the instruction. See United States v. Weil, 561 F.2d 1109, 1111 (4th Cir.1977); see also 12 Fed.Proc.L.Ed. Sec. 33.32, at 63.[1]
 
 
 13
 In the case at bar, the district judge gave the limiting instruction only once and he did so at the conclusion of Tyler's testimony. The court instructed the jury as follows:
 
 
 14
 Any evidence that the defendant has used, possessed or brought drugs into the Baltimore City Jail is admitted solely for the purpose of aiding you in determining the defendant's state of mind and intent so as to determine (1) whether the defendant on May 17th, 1985 acted willfully and not because of mistake, accident or some other innocent reason, (2) whether he had knowledge at that time that the substance he is alleged to have possessed was heroin, and (3) whether he had a specific intent at that time to distribute heroin. It is not to be taken by you as evidence that the defendant committed the act charged in the indictment.
 
 
 15
 The instruction clearly covered all the challenged evidence. Especially in view of the fact that the rest of the challenged evidence was introduced on the same day, it cannot be said that the district court abused its discretion by giving the instruction only once. Any argument that it may have been preferable to make the limiting instruction part of the final jury charge is met by the consideration that the defendant's counsel failed to make a timely objection. We, therefore, need not reach that issue. Without a doubt, Brown's claim that the court should have repeated the instruction six additional times is without merit.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Requests for instructions to the jury are governed generally by Fed.R.Civ.P. 51 and Fed.R.Crim.P. 30. Both Rules provide that the trial court may instruct the jury either at the close of the evidence or at such earlier time during the trial as the court reasonably directs