949 F.2d 396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Lynn MYERS, Defendant-Appellant.
 No. 90-5916.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1991.
Decided Dec. 11, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Chief District Judge. (CR-90-10-ST)
 Harold J. Bender, Bender & Matus, Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, H. Thomas Church, Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jeffrey Lynn Myers appeals his conviction for conspiracy to possess with intent to distribute cocaine, possessing with intent to distribute cocaine, distribution of cocaine, and attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.
 
 
 2
 Myers argues that the district court erred by admitting into evidence a government agent's tape-recorded narratives. He contends that the evidence was either inadmissible as police reports[1] or as prior consistent statements admitted before impeachment.[2] Assuming that the admission of such evidence was error under either or both theories, we are persuaded that the error was harmless.
 
 
 3
 A nonconstitutional error is harmless if it is "highly probable that the error did not affect the judgment." United States v. Nyman, 649 F.2d 208, 212 (4th Cir.1980) (citation omitted). In this case, the evidence of Myers's guilt was so overwhelming that the admission of the tape-recorded statement, if error, in all probability did not affect the judgment.[3] United States v. Mazza, 792 F.2d 1210 (1st Cir.1986), cert. denied, 479 U.S. 1086 (1987).
 
 
 4
 Myers also argues that the government violated his right to disclosure of information concerning a confidential informant. In Roviaro v. United States, 353 U.S. 53, 60-61 (1957), the Supreme Court noted that the rationale for the criminal defendant's right to disclosure of information concerning the identity of a confidential informant is fundamental fairness. The government may be obligated to reveal the information concerning an informant where disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Id. at 60-61.
 
 
 5
 However, there is "no general obligation to corral these government agents." Renzi v. Virginia, 794 F.2d 155, 159 n.[3] (4th Cir.1986). The government in this case gave the defendant all of the information that it had. Absent a requirement that the government produce the confidential informant, the disclosures here fulfilled the fundamental fairness rationale of Rovario. Myers's claim is meritless.
 
 
 6
 Accordingly, we affirm Myers's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 See Fed.R.Evid. 803(8); United States v. Oates, 560 F.2d 45 (2d Cir.1977) United States v. King, 613 F.2d 670 (7th Cir.1980); United States v. Sawyer, 607 F.2d 1190 (7th Cir.1979), cert. denied, 445 U.S. 943 (1980)
 
 
 [2]
 See United States v. Bolick, 917 F.2d 135 (4th Cir.1990); United States v. Weil, 561 F.2d 1109 (4th Cir.1977)
 
 
 [3]
 In United States v. Bolick, 917 F.2d 135 (4th Cir.1990), this Court reviewed a similar case and found that the conviction must be reversed because the error could not be considered harmless. A comparison of the two cases reveals that the evidence admitted here did not prejudice Myers to any great degree when contrasted with the evidence admitted against Bolick