998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Yaundy URBAEZ-FELIZ, Defendant-Appellant.
 No. 93-5036.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 16, 1993.
July 6, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-92-303-A)
 Deborah Ann Persico, McLean, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Joel Kirsch, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Yaundy Urbaez-Feliz appeals his conviction for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1988), and possession with intent to distribute cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1) & (b)(1)(A)(iii) (West 1981 & Supp. 1993), and 18 U.S.C. § 2 (1988). Urbaez-Feliz argues that the evidence was insufficient to support his convictions. Because we find that the evidence was sufficient, we affirm.
 
 
 2
 Special agent Lisa Webb, of the Drug Enforcement Administration testified that she was conducting an undercover investigation of the drug trafficking activity of Louis Gomez. Twice when she was attempting to set up a drug purchase with Gomez, he put Urbaez-Feliz on the phone to translate for him. During one of these phone conversations, Urbaez-Feliz asked Webb whether Gomez knew what she wanted and in what amount.
 
 
 3
 Gomez testified that Urbaez-Feliz accompanied him when he went to pick up the cocaine to deliver to Webb. Gomez also testified that while travelling to Urbaez-Feliz's house, Gomez took the plastic bag containing the cocaine base from the cereal box and showed it to Urbaez-Feliz. Also, Gomez stated that the drug sale was discussed during the trip to Urbaez-Feliz's house and during the trip to Virginia to deliver the cocaine to Webb.
 
 
 4
 From this evidence, the jury could reasonably have determined that Gomez and Urbaez-Feliz mutually agreed to sell crack cocaine, that Urbaez-Feliz had knowledge of the conspiracy, and that he voluntarily became a part of the conspiracy. See United States v. Bell, 954 F.2d 232, 236 (4th Cir. 1992); United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). Therefore, we find that the evidence at trial was sufficient to sustain Urbaez-Feliz's conviction for conspiracy to possess with intent to distribute cocaine base. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Mabry, 953 F.2d 127, 130 (4th Cir. 1991), cert. denied, 112 S. Ct. 1951 (1992).
 
 
 5
 Urbaez-Feliz also argues that the evidence was insufficient to support his conviction for possession with intent to distribute crack cocaine, and aiding and abetting the possession with intent to distribute crack cocaine.
 
 
 6
 From Gomez's testimony and Urbaez-Feliz's participation in the telephone conversations, we find that the jury could reasonably have found that Urbaez-Feliz knowingly possessed with the intent to distribute the crack, see United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984), or that he actively participated with Gomez in the act of possession with intent to distribute. See United States v. Weil, 561 F.2d 1109, 1112 (4th Cir. 1977).
 
 
 7
 Based upon the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED