633 P.2d 442

The STATE of Arizona, Appellee,

v.

Thomas Hildrilth ROSS, Jr., Appellant.

No. 2 CA–CR 2165.

Court of Appeals of Arizona, Division 2.

June 16, 1981.

Rehearing Denied July 22, 1981.

Review Denied Sept. 17, 1981.

## OPINION

HOWARD, Judge.

The determinative issue in this case is whether the trial court erred when it refused to give appellant's "no retreat" instruction.

A jury found appellant guilty of aggravated assault in violation of A.R.S. § 13–1204(A)(2) and found that he committed the crime while using or exhibiting a deadly weapon or dangerous instrument. He was sentenced to the minimum of imprisonment, five years. A.R.S. § 13–604(G).

The record shows that appellant took out his knife when he thought he was going to be "jumped" by three men. The victim, one of the three, was cut on the side of the face and forearm when, according to appellant, the victim tried to grab the knife.

Appellant requested that the following instruction be given: "The law of Arizona does not require a person to retreat before he may act lawfully in self defense." Appellant contends the trial court erred when it refused to give this instruction. We do not agree.

The trial court gave the following instruction on self-defense:

"A Defendant is justified in threatening or using physical force in self-defense if the following two conditions exist:

1.  A reasonable person in the Defendant's situation would have believed that physical force was immediately necessary to protect against another's use or attempted use of physical force; and

2.  The Defendant threatened or used no more physical force than would have appeared necessary to a reasonable person in the Defendant's situation.

Actual danger is not necessary to justify the threat or use of physical force in

self-defense. It is enough if a reasonable person in the Defendant's situation would have believed that he was in immediate physical danger.

Self-defense justified the threat or use of physical force only while the apparent danger continues. The right to threaten to use physical force in self-defense ends when the apparent danger ends.

The threat or use of physical force is not justified in response to verbal provocation alone.

A Defendant may only use or threaten to use deadly physical force in self-defense to protect himself from another's use or threatened use of deadly physical force."

The right to stand one's ground was never in issue in this case as it was in *State v. Jackson*, 94 Ariz. 117, 382 P.2d 229 (1963). The above instruction fully charges the jury on the issue of self-defense in this case. There was, therefore, no error in refusing the instruction. See *State v. Barr*, 115 Ariz. 346, 565 P.2d 526 (1977).

■ Appellant also requested the following instruction be given:

"In considering whether the defendant was acting reasonably in self-defense, you may consider any evidence of the turbulent and dangerous character of the one assaulted on the issue of who was the aggressor."

The trial court also refused to allow appellant to argue that he knew the victim was a violent and dangerous person because of his prior convictions of robbery and attempted burglary. Assuming arguendo that these crimes evidence a turbulent character, there was no error.[1]

There was never an issue as to who was the aggressor. Appellant pulled his knife when one of the three men got up from a park bench and started to walk behind him. Although the victim was talking to the defendant, he never got up off the bench prior to the time he was cut. As far as restricting appellant's argument, the trial court did so because appellant, when he testified as to why he pulled the knife, never stated that he did so because he knew victim had been convicted of robbery or burglary.[2] The trial court did not err in refusing the instruction or in refusing to allow appellant's argument.

■ Appellant contends the trial court erred when it did not allow him to testify that the victim avoided him on two previous occasions. We do not agree. The testimony had no relevancy and, in any event, appellant has not shown that he was prejudiced by the exclusion of this testimony.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

1. For a discussion on the admissibility of the victim's conviction record as proof of the reasonableness of defendant's belief that deadly force was necessary, see, *State v. Lui*, 603 P.2d 151 (Haw.1979). See generally Annot. 1 A.L. R.3d 571 (discussion on admissibility of victim's reputation for turbulence on issue of self-defense.)

2. The record shows appellant thought the victim had been convicted of *armed* robbery.