STATE OF HAWAII, Plaintiff-Appellee, *v.* JOSEPH BASQUE, JR., also known as Dido, Defendant-Appellant

NO. 8582

(CRIMINAL NO. 54954)

JULY 21, 1983

LUM, C.J., NAKAMURA, PADGETT AND HAYASHI, JJ., AND CIRCUIT JUDGE TSUKIYAMA, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY LUM, C.J.

This is an appeal from a murder conviction. Following a motion in limine hearing, the trial court ruled that defendant would be barred from making any arguments or presenting any evidence relating to the deceased's criminal record. We hold

this was an abuse of the court's discretion, and reverse and remand for further proceedings.

## I.

### A.

On the afternoon of August 31, 1980, defendant-appellant Joseph Basque, Jr. went to the home of his former girlfriend, Donna Delima, to visit their daughter. He called out to Delima from outside the front gate, and she came out to see him. Appellant was sitting in the driver's seat of his car with the door open, and Delima was standing at the rear of the driver's side of the car, when Joseph Pagharion, Delima's boyfriend, pushed Delima aside, shook the car, and approached appellant. As he leaned over, he told appellant, "Why the hell you keep on bothering her?" Appellant replied, "I don't want no hassles."

There was conflicting testimony as to what happened next. Delima and her brother, who was also present at the scene, both testified that appellant reached under the driver's seat and came up with a gun. A shot was fired, wounding Pagharion in the upper left arm. There was then a struggle for the gun, which went off a second time, fatally wounding Pagharion in the chest.

The testimony of appellant was that Pagharion was swearing and threatening to kill him as he came through the driver's side door. Appellant thought Pagharion was reaching for the gun, which was partly sticking out from the seat, and testified that both he and Pagharion grabbed the gun at the same time. The first shot discharged, the struggle continued, and the second, fatal shot was fired.

### B.

The State filed a motion in limine, requesting that appellant be precluded from arguing to the jury or introducing into evidence the criminal record of the deceased, Joseph Pagharion. As proffered by appellant, that record consisted of the deceased's arrests for attempted murder and five counts of armed robbery, and his guilty plea to two of the robbery

counts. Appellant maintained that such evidence was admissible to show who was the aggressor in the incident, a critical aspect in appellant's claim that he acted in self-defense.

After balancing the interests of the State against those of the defendant pursuant to Rule 403 of the Hawaii Rules of Evidence (HRS ch. 626),[1] the court granted the State's motion. It reasoned that the jurors might give too much emphasis to evidence of the deceased's criminal record. It therefore prohibited appellant from mentioning or introducing any such evidence during trial.

## II.

### A.

In *State v. Lui,* 61 Haw. 328, 603 P.2d 151 (1979), the appellant asserted as reversible error the trial court's exclusion of evidence relating to the murder victim's criminal history. We noted with approval the common law rule that "a defendant who claims self-defense to a charge of homicide is permitted to introduce evidence of the deceased's violent or aggressive character either to demonstrate the reasonableness of his apprehension of immediate danger or to show that the decedent was the aggressor." *Id.* at 330, 603 P.2d at 154. We held, however, that the trial court did not abuse its discretion in excluding evidence of the victim's criminal record because the facts were clear that the appellant, and not the victim, had been the aggressor.[2]

---

[1] Rule 403 states that:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

We do not pass on whether the balancing test in Rule 403 is to be applied in determining the admissibility of evidence presented under Rule 404(a), discussed *infra.*

[2] The record revealed that, following a fight between appellant and victim in which appellant claimed the victim had threatened to kill him, the appellant shot the victim while the latter was approaching him, about 10 feet away. Appellant testified he thought the victim was armed, but in fact he was not.

In contrast, the evidence presented in the instant case is unclear and conflicting as to who was the aggressor. The testimony of appellant, witnesses to the shooting,[3] and even the State's two experts,[4] presents genuine disputes as to who attacked whom first, and how close and in what position the appellant and decedent were when the two shots were fired. Moreover, uncontroverted testimony was adduced that the deceased had drunk about eight beers that afternoon, and in approaching appellant, had pushed aside Delima and shaken the car. Given such testimony, it is evident that a factual question existed as to who was the aggressor in this case. *See United States v. Burks,* 470 F.2d 432 (D.C. Cir. 1972). The trial court implicitly acknowledged as much when, as part of its "self-defense" jury instruction, it stated: "In order for the defendant to have been justified in the use of deadly force in self-defense, he must not have provoked the assault on him or have been the aggressor."

## B.

Factually, then, the instant case is unlike *State v. Lui, supra.* The rule in *Lui* regarding the use of a victim's criminal record to establish who was the aggressor, however, is applicable. That rule was later codified as Rule 404(a)(2) of the Hawaii Rules of Evidence, which states that "[e]vidence of a pertinent trait of character of the victim of the crime offered by an accused" is admissible to prove that the victim acted in conformity with that character trait on a particular occasion. The

---

[3] For example, the State's key witness, Donna Delima, stated in her police statement and on cross-examination that appellant and the deceased had struggled for control of the gun *prior* to the first shot being fired. On recross-examination, however, she repudiated these prior statements and testified that there was no struggle before the first shot.

[4] One of the experts, a forensic pathologist, testified that the wound in the deceased's left arm did not contain any gun powder, whereas the fatal chest wound did. A police criminalist testified that there was however, gun powder on the left sleeve of the deceased's shirt, where a bullet passed through, and that clothing could prevent gun powder from showing up on the person's skin. Both experts testified that gun powder is found only if the shot was fired at close range.

State contends that this provision allows only the use of character evidence — to be proved by reputation or opinion — and not evidence of "other crimes, wrongs, or acts," which is covered by Rule 404(b).[5]

In *Lui,* however, we treated general character evidence and specific prior acts (including those reflected in the victim's criminal record) the same for purposes of corroborating a defendant's self-defense claim as to who was the aggressor. A growing number of other courts are in accord. *See, e.g., United States v. Greschner,* 647 F.2d 740 (7th Cir. 1981); *United States v. Burks,* 470 F.2d 432 (D.C. Cir. 1972); *State v. Miranda,* 176 Conn. 107, 405 A.2d 622 (1978); *Commonwealth v. Beck,* 485 Pa. 475, 402 A.2d 1371 (1979); *Jordan v. Commonwealth,* 219 Va. 852, 252 S.E.2d 323 (1979). As Dean Wigmore has stated: "[T]here is no substantial reason against evidencing the character (of a deceased victim) by *particular instances of* violent or quarrelsome *conduct.* Such instances may be very significant; their number can be controlled by the trial court's discretion; and the prohibitory considerations applicable to an accused's character have here little or no force." 1 Wigmore on Evidence § 198 (3d ed. 1940) (emphasis in original).

### C.

We also noted in *Lui* that where the issue of who was the aggressor is in dispute, the defendant need not lay a foundation showing that he knew of the victim's character or prior bad acts. This is because "[p]roof of the deceased's violent and turbulent character in this situation is circumstantial evidence of the likelihood of his being the aggressor and of the absence

---

[5] Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible where such evidence is probative of any other fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

of provocation on the part of the defendant." 61 Haw. at 331, 603 P.2d at 154.

It was thus not necessary for appellant to have laid a foundation as to what he knew of the deceased's criminal record. It was sufficient that there have been a factual issue as to who was the aggressor. Such an issue, if not apparent at the outset of the trial when appellant made clear that he intended to rely on a self-defense theory, certainly became manifest during trial when the conflicting testimony of the experts and witnesses to the shooting was presented.

## III.

We realize that it resides within the sound discretion of the trial court to determine whether there exists sufficient good reason for evidence of the deceased's criminal record to be introduced or argued during trial. We are mindful of the potential dangers such evidence presents. In this case, however, the court itself recognized in its jury instructions that there existed a genuine factual dispute as to whether the appellant or the deceased was the aggressor. Under such circumstances, we conclude the court abused its discretion when it flatly prohibited appellant from arguing to the jury, or otherwise eliciting evidence of, the criminal history of the deceased. We cannot say beyond a reasonable doubt that such an abuse did not contribute to the jury's verdict. *See generally State v. Pokini,* 57 Haw. 26, 30, 548 P.2d 1402, 1405, *cert. denied,* 429 U.S. 963 (1976). On remand, the trial court shall retain the discretion to determine to what extent, and in what manner, evidence of the deceased's criminal record may be allowed in and alluded to. *See Commonwealth v. Amos,* 445 Pa. 297, 305, 284 A.2d 748, 752 (1971).[6]

---

[6] Some of the factors the trial court may consider are the nature of the prior crimes, wrongs, or acts, their proximity in time to the present incident, and the amount and type of extrinsic evidence which will be needed to establish those acts.

Reversed and remanded for further proceedings consistent herewith.

*J. Michael Dwyer (Michael A. Weight* on the briefs) for defendant-appellant.

*Lila B. LeDuc,* Deputy Prosecuting Attorney, for plaintiff-appellee.