STATE OF Hawai`i, Plaintiff-Appellee,
v.
TAE KYUN KIM, Defendant-Appellant.
No. 29285.
Intermediate Court of Appeals of Hawaii.
Filed September 29, 2009.
On the briefs:
James S. Tabe, Deputy Public Defender, for Defendant-Appellant.
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Chief Judge, FOLEY, and FUJISE, JJ.
Defendant-Appellant Tae Kyun Kim (Kim) appeals from the Judgment filed on July 2, 2008, in the Circuit Court of the First Circuit (circuit court).[1] Plaintiff-Appellee State of Hawai`i (State) charged Kim by indictment with first-degree terroristic threatening with the use of a dangerous instrument (Count 1) and third-degree assault (Count 2).
The jury found Kim guilty of first-degree terrorristic threatening, in violation of Hawaii Revised Statutes (HRS) § 707-716(1) (e) (Supp. 2008)[2] and acquitted him of third-degree assault. The circuit court sentenced Kim to five years of probation subject to the special conditions that he serve a term of imprisonment of twelve consecutive weekends, perform 75 hours of community service, and pay restitution and fees.
On appeal, Kim asserts that the circuit court erred in excluding evidence of prior acts of violence of the complaining witness, Daniel Moon (Moon), that was offered to prove that Moon was the first aggressor. We agree and vacate Kim's conviction.

I.
Kim's terroristic threatening conviction was based on allegations that Kim brandished a knife and threatened to kill Moon. Moon claimed that Kim, without provocation, choked and kicked Moon and then grabbed a knife and threatened Moon. Kim, however, contended that Moon had initiated the conflict by grabbing Kim first and that Kim only picked up a fruit knife in self-defense when Moon refused to leave Kim's house.
In support of his self-defense claim, Kim sought to show that Moon was the first aggressor by introducing evidence of Moon's violent and aggressive character, specifically, that 1) Moon had been convicted after an incident in which he struck his wife with a broom stick and a rake and 2) Moon had assaulted another person after an argument over damage to a car.
The circuit court excluded the proffered evidence on the ground that there was insufficient evidence to support a finding that Moon was the first aggressor. The circuit court reasoned that the evidence, at best, presented a case for assault by mutual consent and therefore that the question of who was the first aggressor was not in issue.

II.
We conclude that the circuit court erred in excluding the evidence proffered by Kim. In State v. Maddox, 116 Hawai`i 445, 458, 173 P.3d 592, 605 (App. 2007), we discussed Hawaii Rules of Evidence (HRE) Rule 404 (a) (Supp. 2008) and first-aggressor character evidence.
Hawaii Rules of Evidence (HRE) Rule 404(a) (Supp. 2006) generally prohibits evidence of a person's character for the purpose of proving that he or she acted in conformity therewith. However, under HRE Rule 404(a)(2), there is an exception for "evidence of a pertinent trait of character of the victim of the crime offered by an accused." The HRE Rule 404(a)(2) exception applies mainly to homicide and assault cases where the defendant claims self-defense. See Commentary to HRE Rule 404 (1993).
In State v. Lui, 61 Haw. 328, 603 P.2d 151 (1979), the Hawai`i Supreme Court explained that under the common law, a defendant who claims self-defense to a homicide charge is permitted to introduce evidence of the deceased's character for violence or aggression for two purposes: 1) "to demonstrate the reasonableness of the defendant's apprehension of immediate danger;" or 2) "to show that the decedent was the aggressor." Id. at 3 2 9, 603 P.2d at 154.
Maddox, 116 Hawai`i at 457, 173 P. 3d at 604 (emphasis added) (brackets omitted). The common law rule set forth in Liu has been codified in HRE Rule 404(a)(2) and made applicable to assault cases. Id.
Where character evidence is offered to show that the victim was the first aggressor, the defendant need not show that the defendant knew of the victim's character for violence at the time of the alleged crime. See State v. Lui, 61 Haw. 328, 330, 603 P.2d 151, 154 (1979) . Instead, the defendant lays a sufficient foundation for admission of evidence of the victim's violent character by showing that 1) the record supports a factual dispute over who was the first aggressor and 2) there is evidence to support a finding that the victim was the first aggressor. See Lui, 61 Haw. at 330, 603 P. 2d at 154; State v. Adam, 97 Hawai`i 413, 418, 38 P.3d 581, 586 (App. 2001); Maddox, 116 Hawai`i at 458, 173 P. 3d at 605.
In this case, conflicting evidence was presented over whether Moon or Kim was the first aggressor, and there was evidence to support a finding that Moon was the first aggressor. Kim therefore established a sufficient foundation for the admission of the evidence of Moon's violent character.
We conclude that the circuit court erred in determining that there was insufficient evidence to support a finding that Moon was the first aggressor and in excluding the proffered violent-character evidence. Kim and another witness testified that Moon had initiated the physical contact by grabbing Kim. The circuit court's belief that the evidence supported a finding of assault by mutual consent did not undermine the sufficiency of the evidence to support a finding that Moon had been the first aggressor. The circuit court's belief did not provide a basis for excluding the evidence of Moon's violent character.
Establishing that Moon was the first aggressor was important to Kim's claim of self-defense. Indeed, the State does not contend that any error in excluding evidence of Moon's violent character was harmless. We conclude that the circuit court's error was not harmless beyond a reasonable doubt. See State v. Holbron, 80 Hawai`i 27, 32 n.12, 904 P.2d 912, 917 n.12 (1995).

III.
We vacate the July 2, 2008, Judgment entered by the circuit court, and we remand the case for a new trial and for further proceedings consistent with this Summary Disposition Order.
NOTES
[1] The Honorable Randal K.O. Lee presided.
[2] HRS § 707-716 (1) (e) (Supp. 2008) provides, in relevant part: "(1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:... (e) With the use of a dangerous instrument."