*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-11-0000661
18-JUN-2014
07:54 AM**

SCWC-11-0000661

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

STANLEY K. HUIHUI, JR.,
Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-11-0000661; FC-CR. NO. 10-1-27K)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, McKenna and Pollack, JJ.,
and Circuit Judge Sakamoto, in place of Acoba, J., recused)

Following a bench trial, Petitioner Stanley K. Huihui,
Jr. (Huihui) was convicted of Abuse of Family or Household
Members, Terroristic Threatening, and Unlawful Imprisonment. His
convictions were affirmed by the Intermediate Court of Appeals
(ICA). On application to this court, Huihui contends that the
Family Court of the Third Circuit (family court) abused its
discretion when it precluded evidence of the complaining
witness's (CW's) propensity for self-harm. Because such evidence

would have been relevant to establish that Huihui reasonably believed that the CW was attempting to harm herself, it should have been admitted.

## I. BACKGROUND

Huihui's appeal arises from an incident where he allegedly confined the CW in his vehicle, threatened her, and committed various acts of physical abuse on her person. Huihui was charged by complaint with one count of Abuse of Family or Household Members, HRS § 709-906, one count of Terroristic Threatening in the Second Degree, HRS §§ 707-715(1) and 707-717(1), and one count of Unlawful Imprisonment in the Second Degree, HRS § 707-722(1).

Prior to trial, Huihui filed a motion to introduce character evidence of the CW's "suicidal tendencies" pursuant to Hawaiʻi Rules of Evidence (HRE) Rule 404(a)(2). The family court did not dispose of Huihui's motion until August 10, 2011, when the case proceeded to a bench trial.[1] At the start of the proceedings, Huihui made an oral motion to introduce an audio recording:

> DEFENSE COUNSEL: I'll do also an oral motion in limine regarding . . . an audio recording that was provided . . . to me by the State. That audio recording occurred . . . two or three days prior to this incident.
>
> THE COURT: When did you receive this recording?
>
> DEFENSE COUNSEL: I received the recording . . . last week.

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

> I actually requested the recording because . . . the defense, would like to introduce it. I think that the State with my discussions with [the Prosecutor] stated that there would be an objection regarding relevance[,] so we could address . . . whether that recording will be allowed into evidence or not.
>
> THE COURT: Well, why don't you wait until that time comes.
>
> DEFENSE COUNSEL: We can do it that way, too.

The trial itself hinged on a credibility determination: Whether to believe the CW's or Huihui's version of events. The CW testified as follows. She and Huihui got into an argument while driving in Huihui's truck. Huihui eventually pulled his truck to the side of the road and punched the CW in the face. When the CW tried to open her passenger-side door, Huihui grabbed her arm and told her that if she got out, he was going to punch her in the face again. The CW then jumped into the back seat of the truck, where her daughter was seated. Huihui grabbed the CW by the hair and yanked her back into the front seat. The CW again tried to open her door and Huihui punched her in the face.

Huihui testified to a substantially different version of events. He claimed that while driving in his truck, the CW accused him of having a sexual relationship with another woman. The argument escalated until the CW tried to open the passenger-side door. Huihui testified that he believed she was going to jump out of the moving truck. Huihui grabbed the door handle and told the CW that if she wanted to get out he would stop the

3

truck.  Huihui then pulled to the side of the road and offered to let the CW out.   The CW remained in the vehicle.

Huihui resumed driving at approximately 55-miles-per-hour.  Shortly thereafter, the CW opened the passenger-side door and attempted to jump from the moving truck.  Huihui testified that he grabbed the CW by the hair to keep her from falling out.  Huihui held the CW by the hair until he could bring his truck to a stop.  As the truck slowed, the CW repeatedly slammed into the side of the truck, sustaining several injuries.  Once the truck had come to a stop, Huihui pulled the CW by the hair back into the front seat, where she hit her head on the gear shift.

At this point, Huihui's attorney attempted to introduce evidence that the CW had threatened to harm herself on prior occasions:

> DEFENSE COUNSEL: Have you had any prior contact with [the CW] where she threatened to hurt herself?
>
> PROSECUTOR: Objection. . . . Relevance.
>
> THE COURT: Sustained.
>
> DEFENSE COUNSEL: Your Honor, . . . it is character evidence but I believe it is permissible under 404 – 404(a)(2), . . . evidence of [the] character of the victim is . . . admissible . . . to show that she was acting . . . to harm herself during this incident and that she had done so or threatened to do so on prior occasions.
>
> THE COURT: Character is not at issue in this case.
>
> DEFENSE COUNSEL:  [The CW] did attempt to harm herself by jumping out of the car.
>
> THE COURT: It's not a character question in my mind.
>
> DEFENSE COUNSEL:  Well, the character of . . . having

4

> suicidal tendency[.]
>
> THE COURT: You need more foundation in order to establish that the acts in this case were suicidal.
>
> DEFENSE COUNSEL: Your Honor, just evidence that the victim attempted to jump out of the car while going 55, I think that's circumstantial evidence [that] a person has . . . suicidal traits or at least traits that she wants to harm herself.
>
> THE COURT: I'll sustain the objection.

At the close of trial, Huihui was found guilty of all three charges and sentenced accordingly. Huihui timely appealed to the ICA, which affirmed the family court's judgment and conviction.

## II. STANDARD OF REVIEW

Evidentiary rulings made on the basis of HRE Rule 404 are reviewed for abuse of discretion. State v. Richie, 88 Hawaiʻi 19, 36, 960 P.2d 1227, 1244 (1998).

> Evidentiary decisions based on HRE Rule 403, which require a judgment call on the part of the trial court, are reviewed for an abuse of discretion. HRE 404 represents a particularized application of the principle of HRE 403 (see Commentary to HRE 404), and we will employ the same abuse of discretion standard of review.

Id. (internal quotation marks and citations omitted).

> Under the abuse of discretion standard
>
> the trial court may not be reversed by an appellate court unless the trial court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant. Under that standard different trial judges may, on the same facts, arrive at opposite rulings without any of them being reversible on appeal.

Kealoha v. Cnty. of Hawaiʻi, 74 Haw. 308, 318, 844 P.2d 670, 675

(1993) (citation and quotations omitted).

Where evidence is improperly excluded, the judgment of the trial court must be reversed unless it can affirmatively be said that the exclusion was harmless beyond a reasonable doubt. See State v. Perez, 64 Haw. 232, 234, 638 P.2d 335, 337 (1981); State v. Russo, 67 Haw. 126, 138, 681 P.2d 553, 563 (1984).

### III. DISCUSSION

In this case, the family court abused its discretion when it excluded evidence of the CW's propensity for self-harm.

### A.    Relevance

HRE Rule 401 (2004) states that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See also State v. Maddox, 116 Hawaiʻi 445, 457, 173 P.3d 592, 604 (App. 2007) (stating that character evidence "is properly excluded where the evidence at trial does not support a factual dispute" that is of consequence to the action).

Character evidence that the CW had a propensity for self-harm was relevant to Huihui's defense. A defendant may make out a choice of evils defense if, among other things, the defendant reasonably believed that his or her action was necessary to avoid an imminent harm. See HRS §§ 703-300,

6

703-302(1) (1993). Huihui's testimony indicated that the CW sustained her injuries in an apparent suicide attempt, and that his act of pulling the CW by the hair was motivated by his belief that the CW was attempting to harm herself. Thus, a fact "of consequence to the determination of the action" was whether a reasonable person would believe that the CW was attempting to harm herself.

If the CW had a propensity for self-harm, then it is more likely that she actually attempted to jump from a vehicle moving at 55-miles-per-hour. If that were true, then it would support the conclusion that Huihui reasonably believed he needed to grab the CW's hair and/or confine her to his vehicle to prevent an imminent harm. Thus, evidence of the CW's prior attempts to harm herself would make the occurrence of a fact of consequence more likely. The family court erred when it concluded that such evidence was irrelevant.

**B.    Character Evidence**

Having established that evidence of the CW's propensity for self-harm was relevant, Huihui should have been allowed to introduce that evidence pursuant to the rules governing character evidence. HRE Rule 404(a) (2004) states: "Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving action in conformity therewith on a

7

particular occasion[.]" However, HRE Rule 404(a)(2) allows the accused to introduce "[e]vidence of a pertinent trait of character of the victim of the crime[.]" See also State v. Basque, 66 Haw. 510, 512, 666 P.2d 599, 601 (1983) ("'[A] defendant who claims self-defense to a charge of homicide is permitted to introduce evidence of the [victim's] violent or aggressive character either to demonstrate the reasonableness of his apprehension of immediate danger or to show that the [victim] was the aggressor.'") (quoting State v. Lui, 61 Haw. 328, 330, 603 P.2d 151, 154 (1979)). Here, the CW's propensity for self-harm was a pertinent character trait, and evidence tending to establish that trait should have been admitted pursuant to HRE Rule 404(a)(2).[2] Because there is a reasonable possibility that the family court's error might have contributed to Huihui's conviction, we cannot say that it was harmless beyond a reasonable doubt.

## C. Foundation

The family court also precluded evidence of the CW's propensity for self-harm because it concluded that Huihui had not laid adequate foundation to establish that the acts in this case were suicidal. Huihui testified that the CW attempted to jump

---

[2] Accordingly, we need not address whether evidence of the CW's prior attempts to harm herself should have been admitted pursuant to HRE Rule 404(b).

from a vehicle that was traveling at approximately 55-miles-per-hour.  No further foundation was required to establish that the CW's alleged action was an attempt at self-harm.

### IV. CONCLUSION

For the reasons set forth above, we vacate the ICA's November 1, 2013 judgment on appeal and the family court's August 10, 2011 judgment of conviction and sentence.  This case is hereby remanded to the family court for further proceedings before a different judge.[3]

DATED:  Honolulu, Hawaiʻi, June 18, 2014.

| | |
|---|---|
| Craig W. Jerome<br>(Summer M.M. Kupau with him<br>on the briefs) for petitioner | /s/ Mark E. Recktenwald<br><br>/s/ Paula A. Nakayama |
| Jason R. Kwiat<br>(Kimberly B. Taniyama and<br>Linda L. Walton with him on<br>the briefs) for respondent | /s/ Sabrina S. McKenna<br><br>/s/ Richard W. Pollack<br><br>/s/ Karl K. Sakamoto |



---

[3]  This case must be resolved before a different judge on remand because the family court made problematic statements during sentencing allocution.