CAAP-11-0001075

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SHANNON MANO, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 10-1-1356)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Ginoza, JJ.)

     Defendant-Appellant Shannon Mano (Mano) was charged
with first-degree terroristic threatening for committing
terroristic threatening with the use of a dangerous weapon, in
violation of Hawaii Revised Statutes (HRS) § 707-716(1)(e) (Supp.
2010).[1]  A jury found Mano guilty as charged.  The Circuit Court

---

[1] At the time relevant to this case, HRS § 707-716 provided:

    (1) A person commits the offense of terroristic threatening
in the first degree if the person commits terroristic threatening:

    . . .

    (e) With the use of a dangerous instrument[.]

In addition, at the time relevant to this case, HRS § 707-715 (1993) defined
the offense of terroristic threatening, in pertinent part, as follows:

    A person commits the offense of terroristic threatening if
    the person threatens, by word or conduct, to cause bodily injury
    to another person or serious damage to property of another or to
    commit a felony:

        (1)   With the intent to terrorize, or in reckless disregard

(continued...)

of the First Circuit (Circuit Court)[2] sentenced Mano to probation for five years, subject to the condition that she serve 43 days in jail, with credit for time already served.

I.

Mano and the complaining witness (CW) had been in a romantic relationship and had been living together in an apartment along with two other roommates.  On August 11, 2010, Mano and the CW had mutually agreed to end their relationship.  The CW planned to stay at the apartment for another week before he returned to the mainland.  However, in the early morning on August 12, 2010, Mano and the CW got into an argument, with Mano demanding that the CW leave the apartment and the CW refusing to do so.

According to the CW, Mano was drunk, and she grabbed a "big butcher knife," pointed the knife at the CW, and threatened to stab the CW if he did not leave.  Mano made a downward jab with the knife at the CW and kept moving toward him.  The CW grabbed Mano's hand, wrestled the knife from her, and threw the knife in the bathroom.

A roommate (Roommate) who shared the apartment with Mano and the CW called the police.  Roommate testified that she heard Mano say, "I'm going to stab you, get the fuck out of the house."  Roommate initially stayed in her room because she was afraid.  When Roommate came out of her room, she observed that Mano appeared to be intoxicated.  Roommate testified that the CW was generally very passive and not easy to anger, whereas Mano seemed nice some of the time but became violent when she had been drinking.

II.

Mano appeals from the Judgment entered by the Circuit Court on November 21, 2011.  On appeal, Mano argues that: (1)

---

[1](...continued)
of the risk of terrorizing, another person[.]

[2]The Honorable Edward H. Kubo, Jr., presided.

2

the Circuit Court erred in permitting Mano to only introduce evidence of four incidents of the CW's alleged prior acts of violence in support of her claim of self-defense, and precluding Mano from introducing evidence of other alleged incidents; (2) the Circuit Court committed plain error in instructing the jury on the law of self-defense; (3) the prosecutor's remarks in closing argument constituted prosecutorial misconduct; and (4) her trial counsel failed to provide effective assistance of counsel.  As explained below, we affirm the Circuit Court's Judgment.

III.

We resolve Mano's arguments on appeal as follows:

A.

1.

We conclude that the Circuit Court did not abuse its discretion in limiting Mano to introducing four incidents of the CW's alleged prior acts of violence in support of Mano's claim of self-defense.  Prior to trial, Mano filed a motion in limine seeking a pre-trial determination by the Circuit Court regarding the admissibility of (1) seven prior acts of violence allegedly committed by the CW against Mano; and (2) Mano's understanding of the CW's criminal history for felony assault in the State of Washington.  The Circuit Court ruled that the seven proffered prior acts of violence were admissible on the issues of first-aggressor and self-defense, but that the introduction of all seven incidents would be cumulative.  The Circuit Court therefore ruled that Mano would be permitted to introduce four of the seven alleged incidents, with Mano determining which four she wanted to introduce.

With respect to Mano's understanding of the CW's criminal history for felony assault, Mano conceded that she did not have personal knowledge of the CW's alleged criminal history. Instead, Mano informed the Circuit Court that her understanding of the CW's criminal history was based on "things that she learned later on."  The Circuit Court ruled that based on its

permitting Mano to introduce evidence of four incidents of violence committed by the CW against Mano, it viewed the evidence of the CW's alleged criminal history as inadmissible hearsay. The Circuit Court therefore denied Mano's request to introduce the criminal history evidence. The Circuit Court made clear that its in limine rulings were without prejudice to the parties moving for reconsideration during trial "[i]n the event that [they] have information during trial that opens the door to the proper introduction of such evidence[.]"

2.

Evidence of the CW's prior acts of violence were relevant for two purposes: (1) to show the reasonableness of Mano's apprehension of immediate danger and thereby support her use of force in self-defense; and (2) to show that the CW was the first aggressor. See Hawaii Rules of Evidence (HRE) Rule 404 (Supp. 2013); State v. Lui, 61 Hawai'i 328, 329-30, 603 P.2d 151, 154 (1979); State v. Basque, 66 Haw. 510, 513-15, 666 P.2d 599, 602-03 (1983); State v. Adam, 97 Hawai'i 413, 418-19, 38 P.3d 581, 586-87 (App. 2001). Mano's argument on appeal is limited to the first purpose. Mano contends that the evidence excluded by the Circuit Court was relevant to showing her state of mind regarding fear of imminent harm and therefore was critical to her claim of self-defense. Mano argues that because evidence of her state of mind was critical to her claim of self-defense, the Circuit Court erred by only permitting her to introduce evidence of four of the CW's prior acts of violence and not allowing her to introduce all the evidence on this issue that she sought to introduce. We disagree.

The Circuit Court excluded evidence of three (of seven) prior incidents of violence and Mano's understanding of the CW's criminal history for felony assault. While the excluded evidence was relevant to Mano's state of mind, we conclude that the Circuit Court did not abuse its discretion in ruling that such evidence could not be introduced. HRE Rule 403 (1993) provides that "[a]lthough relevant, evidence may be excluded if its

4

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or <u>needless presentation of cumulative evidence</u>."  (Emphasis added.) The Circuit Court ruled that evidence beyond four of the prior incidents of alleged violence by the CW against Mano would be cumulative, and it limited Mano to introducing four prior incidents of her choice.

None of the seven prior incidents of alleged violence by the CW against Mano apparently resulted in arrests or convictions, and the circumstances surrounding these incidents were subject to dispute.  At trial, the CW disputed Mano's version of the four incidents Mano chose to introduce, with the CW denying Mano's claims that he had engaged in violent acts or asserting that certain of his acts were necessary to defend himself against violence perpetrated by Mano.  The four incidents Mano introduced therefore resulted in mini-trials, with the CW and Mano providing conflicting testimony about what had transpired and who was to blame.  The Circuit Court allowed Mano to select the four incidents most favorable to her case, and there is no basis for believing that the nature of the three excluded incidents was much different.

With respect to evidence of Mano's understanding of the CW's criminal history for felony assault, Mano acknowledged that she did not have personal knowledge of the CW's alleged criminal history and that her understanding was based on "things that she learned later on."  Mano did not proffer any details of what her understanding of the CW's criminal history for felony assault was, how she acquired this understanding, or what her proposed testimony would have been.  This hampers our ability on appeal to evaluate her claim of error regarding the exclusion of her understanding of the CW's criminal history.  In any event, it would appear that evidence of specific acts of violence committed by the CW directly against Mano would be more probative of Mano's state of mind in apprehending the immediate danger posed by the

CW than her understanding of a criminal history of felony assault.[3]

Under these circumstances, we cannot say that the Circuit Court abused its discretion in limiting Mano to introducing four incidents of the CW's alleged prior acts of violence in support of her claim of self-defense.

B.

Mano did not object at trial to the Circuit Court's instruction on self-defense. However, on appeal, she argues that the Circuit Court committed plain error because its instructions on self-defense were prejudicially confusing and misleading. We disagree.

The Circuit Court gave two instructions on self-defense. The first instruction was directed at self-defense when deadly force is used (Deadly Force Instruction) and the second was directed at self-defense when deadly force is not used (Non-Deadly Force Instruction). Mano contends that the self-defense instructions were prejudicially confusing and misleading because: (1) the Deadly Force Instruction did not instruct the jury to apply the Non-Deadly Force Instruction if the jury found that Mano had not used deadly force; (2) it was not clear from the instructions when the jury should apply the Deadly Force Instruction versus the Non-Deadly Force Instruction; and (3) the Circuit Court used Hawaiʻi Pattern Jury Instruction Criminal (HAWJIC) 7.01 on self-defense, which was repealed and replaced by HAWJIC 7.01A and 7.01B on April 4, 2011, instead of the more current HAWJIC 7.01A on the use of deadly force in self-defense.

Mano's arguments are without merit. Reading the instructions as a whole, it is clear that the Deadly Force

---

[3]Mano does not challenge the Circuit Court's exclusion of the criminal history evidence on the theory that the evidence was necessary to show that the CW was the first aggressor. We note that Mano acknowledged that she lacked personal knowledge of the CW's alleged criminal history for felony assault. It is therefore unclear how she could introduce substantive evidence to establish the CW's criminal history for the purpose of showing that he was the first aggressor.

Instruction only applied if the jury found that Mano had engaged in the use of deadly force and that the Non-Deadly Force Instruction applied if the jury found that Mano had not engaged in the use of deadly force. The self-defense instructions given by the Circuit Court were based on HAWJIC 7.01, which was repealed in 2011. The Hawai'i Supreme Court has held that the repealed HAWJIC 7.01 is "fully consonant with the controlling statutory and case law of this state." State v. DeLeon, 131 Hawai'i 463, 487, 319 P.3d 382, 406 (quoting State v. Augustin, 101 Hawai'i 127, 127, 63 P.3d 1097, 1097 (2002)).[4] We conclude that Mano failed to rebut the "presumption that unobjected-to jury instructions are correct" or to show that the self-defense instructions were "prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Nichols, 111 Hawai'i 327, 334, 337 n.6, 141 P.3d 974, 981, 984 n.6 (2006).

C.

Mano argues that the prosecutor's remarks in closing argument constituted prosecutorial misconduct. Specifically, Mano argues that on three occasions, the prosecutor asked the jurors either to put themselves in the shoes of the CW or Mano, in making arguments to the jurors concerning the effect and reasonableness of the actions of the CW and Mano.

Because Mano did not object to the prosecutor's remarks at trial, "we must, as a threshold matter, determine whether the alleged misconduct constituted plain error that affected [Mano's] substantial rights." State v. Iuli, 101 Hawai'i 196, 208, 65 P.3d 143, 155 (2003). Although inartfully phrased, we conclude that the prosecutor's remarks in closing argument did not affect Mano's substantial rights. The prosecutor's remarks were made in

---

[4]Mano argues that the Deadly Force Instruction was erroneous because it failed to include the language from HRS § 703-304(3) (1993) that "a person employing protective force may estimate the necessity thereof under the circumstances as [he/she] believes them to be[.]" However, the supreme court in DeLeon concluded that a deadly force instruction similar to that used in this case, which also excluded the quoted language from HRS § 703-304(3), was not erroneous. DeLeon, 131 Hawai'i at 475-76, 486-87, 319 P.3d at 394-95, 405-06.

the context of arguing to the jury that the evidence presented at trial showed that Mano's act of brandishing the knife was objectively capable of causing fear; that the CW's reaction to Mano's brandishing the knife was reasonable; and that Mano did not reasonably believe that the use of force was immediately necessary.  Given the context of the prosecutor's remarks, they "did not appeal improperly to the jurors' emotions or exhort them to decide the case on anything other than the evidence presented to them."  State v. Bell, 931 A.2d 198, 215 (2007).  In addition, the Circuit Court instructed the jury that statements or remarks by counsel are not evidence and that the jury should not be influenced by pity for, or passion or prejudice against, the defendant in deciding the case.  The failure of Mano's counsel to object to the prosecutor's remarks also indicates that trial counsel did not view the prosecutor's remarks as improper.  Under these circumstances, we conclude that the prosecutor's remarks did not affect Mano's substantial rights.

D.

Mano contends that her trial counsel provided ineffective assistance by failing to: (1) seek to introduce evidence of the CW's violent character that was listed in Mano's notice of intent to use HRE Rule 404 evidence (Notice of Intent), but not in her motion in limine; (2) object to the Circuit Court's in limine ruling, which excluded evidence of three of the seven prior incidents of alleged violent acts by the CW against Mano and Mano's understanding of the CW's criminal history of felony assault; (3) object to the self-defense instructions; and (4) object to the prosecutor's remarks in closing argument.

With respect to Mano's claims (2) through (4), our previous analysis shows that they are without merit.  For the reasons previously stated, the asserted failures to object by trial counsel did not result in the withdrawal or substantial impairment of a potentially meritorious defense and therefore cannot support a claim of ineffective assistance of counsel.  See State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998).

8

The background with respect to Mano's first claim is that prior to filing her motion in limine, Mano filed a Notice of Intent. In her motion in limine, Mano addressed much of the same evidence identified in the Notice of Intent. The motion in limine, however, did not include the following evidence listed in Mano's Notice of Intent: evidence of Mano's knowledge of (1) "[the CW's] character for violence, including witnessing multiple bar fights involving [the CW]"; and (2) "[the CW's] possessing and brandishing weapons, including a compact straight razor." After ruling on Mano's motion in limine, the Circuit Court stated its belief that Mano's motion in limine covered the same matters as the Notice of Intent, but offered to address anything specific Mano wished to go over concerning the Notice of Intent. In response, Mano's counsel agreed with the Circuit Court that it had addressed everything.

On appeal, Mano contends that her trial counsel was ineffective for failing to seek the admission of the two items of evidence listed in her Notice of Intent, but not her motion in limine. The existing record, however, does not contain a proffer that provides relevant details concerning these two items of evidence or the means by which Mano would be able to introduce them. The record also does not contain any statement by Mano's trial counsel concerning the reason why he did not pursue admission of this evidence, including whether his actions were based on strategic considerations. We therefore conclude that based on the existing record, Mano has failed to meet her burden of establishing that her trial counsel provided ineffective assistance in failing to seek admission of these two items of evidence. See Richie, 88 Hawaiʻi at 39, 960 P.2d at 1247. Our decision is without prejudice to Mano asserting this claim on a more fully developed record. See State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993).

IV.

We affirm the Circuit Court's Judgment.


DATED:  Honolulu, Hawaiʻi, June 30, 2014.

On the briefs:


Phyllis J. Hironaka
Deputy Public Defender                   Chief Judge
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney              Associate Judge
City and County of Honolulu
for Plaintiff-Appellee


                                         Associate Judge