**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000578**
**27-NOV-2018**
**08:11 AM**

NO. CAAP-16-0000578

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
SKY L. BREDE, Defendant-Appellant,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 15-1-0907)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Sky L. Brede (Brede) appeals from the "Judgment of Conviction and Sentence; Notice of Entry" entered on June 27, 2016 in the Circuit Court of the First Circuit (circuit court).[1] The circuit court convicted Brede of one count of Assault in the Third Degree (Assault 3), in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a),[2] and sentenced him to one year of probation and one day of jail.

On appeal, Brede contends that the circuit court improperly limited the questioning of the complaining witness, Henry Frazier (Frazier), thereby violating Brede's right to

---

[1] The Honorable Christine E. Kuriyama presided.

[2] HRS § 707-712 provides, in relevant part:

§707-712 **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person: (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; . . .

confront witnesses guaranteed by the Sixth Amendment of the United States Constitution and article 1, section 14 of the Hawai'i State Constitution.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

Where a factual dispute exists as to who was the first aggressor for purposes of Hawai'i Rules of Evidence (HRE) Rules 404 and 405, the extent to which evidence of the victim's prior violent acts may be admitted is reviewed under an abuse of discretion standard. See State v. Basque, 66 Haw. 510, 515, 666 P.2d 599, 603 (1983).

With regards to the admissibility of a victim's prior violent acts (including those reflected in the victim's criminal record), the Hawai'i Supreme Court has stated:

> when there is a factual dispute as to who was the first aggressor, a victim's pertinent character trait is an "essential element" to a claim of self-defense, and therefore, evidence of specific instances of conduct concerning that character trait, such as the victim's prior violent acts, may be admissible under HRE Rule 405(b).

State v. DeLeon, 143 Haw. 208, 215, 426 P.3d 432, 439 (2018). However, "[t]he admission of evidence of specific instances of conduct would still need to comply with HRE Rules 401 and 403." Id. at 215 n.9, 426 P.3d at 439 n.9. The trial court has the discretion to determine to what extent, and in what manner, evidence of a victim's criminal record may be allowed. Basque, 66 Haw. at 515, 666 P.2d at 603.

Brede's case at trial rested entirely on his claim of self-defense. Thus, the issue of first aggressor was essential. On the first day of trial, Frazier testified that Brede was the first aggressor. Thereafter, at a HRE Rule 104 Hearing, a witness to the altercation between Frazier and Brede testified that it was Frazier who was the first aggressor. In ruling on Brede's motion in limine to admit evidence of Frazier's assault conviction, the circuit court held that a genuine dispute arose as to who the first aggressor was. Accordingly, the circuit

court held that it would allow evidence of Frazier's criminal record for the limited purpose of addressing that issue. In doing so, the circuit court stated:

> THE COURT: Now, I think any prejudice that the State [of Hawai'i (State)] could argue about this prior conviction is substantially outweighed by -- you know, it is relevant and it's substantially outweighed by the -- the defendant's right to be able to present a full and fair defense, a proper defense, and to help the jury determine this critical issue: who threw the first blow.

The circuit court clarified that it would be limiting this evidence to the Assault 3 charge, of which Frazier was actually convicted, and precluding any evidence about the original charge of Abuse of Family and Household Member, of which Frazier was not convicted.

During Frazier's direct-examination at trial, the circuit court precluded defense counsel from eliciting (1) information about Frazier's original charge of Abuse of Family and Household Member and (2) the fact that the victim in that case had been his daughter. In precluding defense counsel from eliciting information about the original charge for Abuse of Family and Household Member, the circuit court referenced its previous ruling at the Rule 104 hearing that only evidence about the Assault 3 conviction would be admitted for the limited purpose of addressing the issue of who was the first aggressor. The circuit court warned defense counsel to be specific in its line of questioning so as not to elicit information about the original charge and violate the circuit court's previous ruling. Then, once Frazier testified as to having been convicted of Assault 3 in 2004, defense counsel asked who the victim was in that case. The State objected and the circuit court sustained the objection.

We conclude that, where it allowed evidence of the Assault 3 conviction to suggest the violent nature of Frazier's character, the circuit court did not abuse its discretion in precluding information about the original charge of Abuse of Family and Household Member. On appeal, Brede contends that he should have been allowed to question Frazier further about the particulars of the conviction. Our review of the record

3

indicates that the circuit court did not prevent defense counsel from questioning Frazier about the particulars of the conviction. In fact, upon the State's objection to the question about the identity of the victim in the Assault 3 case, defense counsel withdrew his question before the circuit court had even ruled on the objection. It cannot be said that the circuit court improperly limited Brede's questioning of Frazier where defense counsel withdrew the question before the circuit court ruled on its admissibility. Although the circuit court ultimately sustained that objection, defense counsel did not attempt to ask any further questions on the matter. We further conclude that the circuit court's decision to sustain the State's objection was within its discretion. See DeLeon, 143 Hawai'i at 215 n.9, 426 P.3d at 439 n.9 (holding that evidence of victim's prior violent acts may be admissible under HRE Rule 405(b) where there is a factual dispute as to first aggressor, but the admission of such evidence would still need to comply with HRE Rules 401 and 403); Basque, 66 Haw. at 515, 666 P.2d at 603 (holding that where a genuine factual dispute exists as to first aggressor, trial court abused discretion when it flatly prohibited appellant from arguing to jury, or otherwise eliciting evidence of, deceased's criminal history, but on remand, the trial court retains the discretion the extent to which evidence of deceased's criminal record may be allowed).

Thus, the circuit court properly limited the extent to which it allowed defense counsel to question Frazier as to his assault conviction for the purposes of the first aggressor issue.

On appeal, Brede also contends that he was entitled to cross-examine Frazier about his prior assault conviction to impeach Frazier's credibility.[3] Brede did not present this argument in the trial court as a ground for his request to question Frazier about his prior assault conviction. We therefore decline to address this contention.

---

[3] Specifically, Brede contends that Frazier's testimonial statement that he does not "go around hitting people" should have exposed him to impeachment of his credibility, and thus, that Brede should have been allowed to cross-examine Frazier as to the particulars of his assault conviction.

We conclude that the circuit court did not abuse its discretion in limiting the extent of defense counsel's questioning of Frazier about his prior conviction.  Accordingly, Brede's right to confront witnesses has not been violated.

For the foregoing reasons, we affirm the circuit court's "Judgment of Conviction and Sentence" entered on June 27, 2016.

DATED:  Honolulu, Hawai'i, November 27, 2018.

On the briefs:

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Barry L. Sooalo
for Defendant-Appellant.

Presiding Judge

Associate Judge

Associate Judge

5